SAMUEL, Judge.
This suit is for medical and funeral expenses under the terms of an automobile liability policy issued by the defendant, Employers Liability Assurance, to Mrs. Angelo Sciortino, the named insured in the policy. It was filed by Mrs. Rose Rancatore Val-laire as tutrix of the minor Gary Sciortino and as administratrix of the Successions of Angelo Sciortino, Jr., Mrs. Angelo Sciortino and Cynthia Mary Sciortino. After a certified copy of the insurance policy in question had been filed in the record, the facts were stipulated by the litigants in a joint motion in which they waived all delays and suggested that a summary judgment should issue. The facts are as follows:
While the policy was in effect, Mrs. Sciortino, her husband, Angelo Sciortino, Jr., her daughter, Cynthia Mary Sciortino, and her son, Gary Sciortino, were passengers in an automobile, owned and driven by Ralph Brancaccio, which was involved in a collision while in the process of male- *392 ing a left turn in the vicinity of Wagga-man, Louisiana. As a result of the collision, Angelo Sciortino, Jr. and Cynthia Mary Sciortino died at the scene of the accident; Mrs. Sciortino died at a hospital two days later; and Gary Sciortino was injured but ultimately recovered. The funeral expenses of Angelo Sciortino, Jr. and Cynthia Mary Sciortino were $961 and $822, respectively; the medical and funeral expenses of Mrs. Sciortino were $2,549.25; and the medical expenses of Gary Sciortino were $2,759.51.
The Brancaccio vehicle was covered by an automobile liability policy issued by Audubon Insurance Company, which policy included medical payment coverage limited to $2,000 per person. Under the medical payment provision of that policy Audubon paid the full amounts of the funeral expenses of Angelo Sciortino, Jr. and Cynthia Mary Sciortino, the policy limit of $2,000 for the medical and funeral expenses of Mrs. Sciortino, and $2,000 for the medical expenses incurred by Gary Sciortino.
The policy in suit obligates defendant to pay the medical and funeral expenses set forth above to the limit of $2,000 to each person. However, the policy contains the following clause:
“Other Insurance
If there is other automobile medical payments insurance against a loss covered by Part II [Medical Payments Coverage] of this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible automobile medical payments insurance; provided, however, the insurance with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any other valid and collectible automobile medical payments insurance.” (Emphasis ours).
By this suit plaintiff seeks the full amount of medical and funeral expenses to the policy limit of $2,000, i. e., $2,000 for the minor, Gary Sciortino, and $3,783 for the three deceased persons. The defense is based on the above quoted excess insurance clause, under which defendant contends it is liable only for the excess, over the payments made by Audubon, of $759.51 on behalf of Gary Sciortino and $549.25 on behalf of the Succession of Mrs. Scior-tino.
The trial court upheld defendant’s contention and rendered a summary judgment in favor of plaintiff, as tutrix of Gary Sciortino, in the sum of $759.51 and in favor of plaintiff, as administratrix of the Succession of Mrs. Angelo Sciortino, in the sum of $549.25. The judgment dismissed the suit as to the Successions of Angelo Sciortino, Jr. and Cynthia Mary Sciortino. Plaintiff has appealed therefrom.
The only issue before us is whether defendant’s coverage for medical and funeral payments was excess insurance. Relying in part on the cases of Dowden v. Southern Farm Bureau Casualty Ins. Co., La.App., 158 So.2d 399; Roux v. Brickett, La.App., 149 So.2d 456 and Warren v. Fidelity Mutual Insurance Company, La.App., 99 So.2d 382, plaintiff’s primary contention is that her recovery from Audubon was in tort and defendant cannot receive credit on its contractual liability for payments made by a third party, which third party is not a joint tort-feasor, on a tort liability. She also contends that the quoted excess insurance clause has no application to the facts in the instant case where the insured persons were guest passengers in, and were not driving or in possession of, the non-owned automobile and therefore she is not limited to a recovery of only the excess. We do not agree with either contention.
*393 The simple answer to the first is that the medical payments received from Audubon, as properly found by the trial court, were not collected in tort. Plaintiff concedes that those payments were made in accordance with a medical payments clause of Audubon’s policy under which the medical and funeral expenses were due as a result of the insurance contract and independently of any negligence on the part of the driver of the insured vehicle. And the cases cited by petitioner are not in point. It suffices to say that none of them involves either an excess insurance clause or any other policy provision, similar to that contained in the policy in suit.
With regard to the second contention, there is nothing in the clause itself, nor is there anything anywhere in the policy, which would have the effect of limiting the application of the clause to the situation where the insured has custody or control of the non-owned automobile. We hold that the clause does apply to the insured persons when they are guest passengers in a non-owned automobile.
A similar excess insurance clause as the one quoted above was contained in the policies involved in the cases of O’Brien v. Traders & General Insurance Company, La.App., 136 So.2d 852, 856, on rehearing, and Hurdle v. State Farm Mutual Automobile Ins. Co., La.App., 135 So.2d 63. Both of those cases gave effect to the clause and held that the same constituted surplus or excess insurance. It is true that in both cases the insured was a driver and not a guest passenger. But, insofar as the excess insurance clause is concerned, we find no valid distinction between the driver and the guest passengers in a non-owned automobile.
The judgment appealed from is affirmed.
Affirmed.