432 P.2d 470

**Richard A. KRAFT, Appellant,**

v.

**ALLSTATE INSURANCE COMPANY, Appellee.**

**No. 2 CA–CIV 269.**

Court of Appeals of Arizona.

Oct. 26, 1967.

Review Denied Dec. 5, 1967.

Miller & Pitt, by David J. Leonard, Tucson, for appellant.

Rees, Estes & Browning, by Paul G. Rees, Jr., Tucson, for appellee.

HATHAWAY, Chief Judge.

On motion for rehearing, the appellee insurance company points out to this court that it erred in its description of the procedural posture of the case in the lower court. Since the objection is well taken, we deem it necessary to herewith supplement our opinion.

The case was tried to the court, sitting without a jury, with certain facts having 917, would tend to indicate that the case was tried on an "agreed statement of previous opinion, 6 Ariz.App. 276, 431 P.2d been stipulated to by the parties. (Our

facts.") Other factual matters were presented to the trial court. This court, however, predicated its determination of the meaning of the word "available" in the Allstate insurance policy on the facts which were not in dispute and the terms of the respective insurance policies involved. In this respect, our prior statements are modified.

The appellee further objects to the statement of this court:

"It is apparent that Travelers Insurance Company was relieved under the uninsured motorist coverage provision to the extent that the policy limits had been expended to pay sums '*. * * which the insured shall become legally obligated as damages * * *.'"

This statement is but a reiteration of the terms of the Travelers policy, as stiplulated to by the parties as follows:

"Under the terms of Ralph R. Ramsey's liability insurance policy with the Travelers (Exhibit "B"), Richard A. Kraft would not be entitled to receive any uninsured motorist benefits under the Travelers policy if he had received the maximum benefits allowed by the terms of the policy under Coverage A (liability for bodily injuries) of said policy."

The appellee rather belatedly argues that the Travelers policy provision is invalid. This court did not presume to pass upon the validity of the provision since its validity was not in issue.

Except as herein modified, we adhere to our decision and deny the motion for rehearing.

MOLLOY, J., and LAWRENCE HOWARD, Superior Court Judge, concur.

NOTE: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge LAWRENCE HOWARD was called to sit in his stead and participate in the determination of this decision.