241 So.2d 733 (1970)
UNITED SERVICES AUTOMOBILE ASSOCIATION, a Reciprocal Insurance Association, Appellant,
v.
Charles L. COTTER, Also Known As Charles Lee Cotter, Appellee.
No. L-436.
District Court of Appeal of Florida, First District.
December 10, 1970.
Mercer P. Spear, Panama City, for appellant.
Logue, Bennett & Williams, Panama City, for appellee.
JOHNSON, Chief Judge.
The appellee herein obtained a judgment in damages against two parties, Earl A. Allen and Billy Earl Kelley, in the amount of $26,090.00 plus certain costs, which judgment was entered September 4, 1968. The debtor Allen, supra, was insured but the debtor Kelley was uninsured. The accident resulting in the damages to appellee was a three-way automobile accident.
Subsequent to the time the September 4, 1968 judgment was entered and prior to payment or satisfaction thereof, the judgment creditor, appellee herein, filed action against the appellant herein, appellee's insurer, under the uninsured motorist provision of appellee's insurance policy issued by appellant. A final judgment was entered in this latter suit on April 17, 1969, against the appellant in *734 the amount of $10,000.00 plus interest and attorneys fee. This latter judgment was appealed by the appellant herein to this court, notice of appeal being filed May 16, 1969. While this case was in process of appeal, the appellee herein had procured a final judgment in Garnishment against Government Employees Insurance Company on June 5, 1969, for the sum of $21,227.94, plus interest at the legal rate from September 4, 1968, the date of the original judgment in damages, upon the entire amount of the original judgment, until paid, including costs. This latter judgment was paid and satisfied on the 20th day of June, 1969, said payment being apportioned $21,000.00 on the principal of the September 4, 1968 judgment, leaving a balance of $5,317.94 unpaid on said judgment, and the interest on said original judgment paid from September 4, 1968 to June 20, 1969.
Upon petition to this court to relinquish jurisdiction back to the trial court for modification of the final judgment in this case because of the payments pointed out, supra, this court did grant such petition and the modified judgment was entered January 5, 1970. The appellant then was granted the right and did file amendments to its assignments of error.
The modified judgment reduced the amount of the original judgment of $10,000.00 recoverable under the uninsured motorists provision, to the principal amount of $5,317.94, with interest on $10,000 from February 25, 1967, the date the injuries were sustained until September 4, 1968, the date of the original judgment; and interest on $5,317.94 from June 20, 1969, the date of modification of judgment until paid. There was no change in the amount of attorneys fee allowed.
Appellant contends, inter alia, that under the terms of the "uninsured motorist" provision of the policy, providing a limit of $10,000, there was a provision that "any amount payable to an insured under the terms of this endorsement shall be reduced by all sums, paid to such insured for bodily injury or property damage by or on behalf of the person legally liable therefor," and that by reason of the fact that the plaintiff-appellee had already collected $21,000 from the insurance carrier of the insured motorist  joint tortfeasor  that the appellant's liability had been satisfied.
This contention of appellant is contrary to the law handed down by our Supreme Court in 1966 in the case of Sellers v. United States Fidelity & Guaranty Company, 185 So.2d 689 and a decision of this court in Standard Accident Insurance Company v. Gavin, 184 So.2d 229, and we adhere to the holdings in the two latter cases as controlling on this point in the case sub judice. This was the effect of the determination of the trial court, which we agree to be correct. The trial court correctly modified the $10,000 judgment by reducing the principal amount thereof to $5,317.94, the remaining unpaid balance of the original judgment in damages of $26,317.94.
Appellant also questions the interest and attorneys fees allowed in the modification of the judgment. According to Standard Accident Insurance Company v. Gavin, supra, the interest should have been computed from the date of the accident giving rise to the cause of action. At that time, the appellant's liability under the uninsured motorist clause was $10,000, and therefore, the trial court was correct in allowing interest on $10,000.00 from the date of accident until the date of tort judgment, and interest on $5,317.94 from the date of payment made on the tort judgment, namely, June 20, 1969, until paid.
The attorneys fee allowed plaintiff in reducing this claim under the uninsured motorist provision to a judgment of $10,000, became fixed as of the date of the judgment in said cause. The fact that a subsequent modification of the judgment *735 was made in order to show a payment should have no bearing on the amount of said fee, and we therefore agree with the trial court in so holding.
For the reasons stated, under the authority of the cases cited supra, we feel compelled to affirm the judgment appealed.
Affirmed.
WIGGINTON and SPECTOR, JJ., concur.