**MISSOURI GENERAL INSURANCE COMPANY, Plaintiff-Appellant,**

v.

**John David YOUNGBLOOD and Roger Gayden et al., etc., Defendants-Appellees.**

**No. 74–3148.**

United States Court of Appeals, Fifth Circuit.

July 16, 1975.

Lester F. Sumners, New Albany, Miss., for plaintiff-appellant.

James McClure, Jr., Sardis, Miss., Dulaney & Dulaney, Tunica, Miss., for defendants-appellees.

Before BROWN, Chief Judge, and GEWIN and THORNBERRY, Circuit Judges.

GEWIN, Circuit Judge:

The appellant, Missouri General Insurance Company (Company), commenced this action for declaratory judgment pursuant to 28 U.S.C. § 2201 in order to ascertain the validity of an "offset" provision included in a policy issued by it to Floyd Thornberg, the owner of a pick-up truck involved in a collision with an uninsured motorist. Thornberg's son, the driver of the truck at the time of the collision, was killed, and his passengers, the appellees, demand payment in settlement of the Company's obligations under *both* the uninsured motorist and bodily injury liability endorsements to the policy. In the district court, the Company originally sought to offset any bodily injury liability recovery accruing to the appellees against any remuneration they might receive by virtue of uninsured motorist coverage. Faced with the Mississippi "Uninsured Motorist Coverage Act" § 83–11–101 et seq., Miss.Code (1972), and adverse Mississippi case law, discussed *infra,* the Company conceded its first position was untenable and began earnestly to assert the contention presented on this appeal.[1]

The Company now seeks to set-off any recovery by the appellees under the uninsured motorist provision of the policy against claims which they may establish against the driver of the pick-up truck under the bodily injury liability endorsement. The effect of such a set-off would be to limit the Company's total obligation under the policy to $20,000, the maximum amount recoverable under uninsured motorist coverage. The district court finding the policy offset provision void as against public policy ordered:

(1) That the full $10,000.00/$20,000.00 Uninsured Motorist Coverage of said policy be available to the occupants of the Thornberg vehicle.

---

1. By agreement the parties frame the issue on this appeal in the following language:

The only issue presented on this appeal is the validity of the offset clause in the uninsured motorist endorsement and its availability to the insurance company in this accident.

(2) That the full $10,000.00/$20,000.00 Bodily Injury Liability Coverage of said policy be available to the passengers of the said Thornberg vehicle.

The appellant contends that the offset clause in the uninsured motorist endorsement is valid in Mississippi. We disagree and affirm the judgment of the district court.[2]

The offset provision of the uninsured motorist endorsement is as follows:

(c) Any payment made under this endorsement to or for any insured shall be applied in reduction of the amount of damages which he may be entitled to recover from any person insured under the Bodily Injury Liability Coverage of the policy.

Two Mississippi laws, the "Uninsured Motorist Coverage Act" § 83–11–101 et seq., Miss.Code (1972) and the "Mississippi Motor Vehicle-Safety Responsibility Law" (Safety Responsibility Law), § 63–15–1 et seq., Miss.Code (1972), neither a paradigm of legislative exactitude, set forth provisions for insurance requirements relative to the operation of motor vehicles in Mississippi. Neither law requires that any insurance be issued in any amount unless a driver involved in an accident is unable, after the fact of the collision, to demonstrate "financial responsibility." The Uninsured Motorist Coverage Act does require a bodily injury liability policy to include an *offer* to extend, in addition to liability coverage, uninsured motorist coverage in the amount specified by the Safety Responsibility Law. The amounts mentioned in the Safety Responsibility Law relate first to "the after the fact" coverage necessary to demonstrate financial responsibility in the event of an accident. Such proof is necessary in order to avoid cancellation of driving privileges. The Safety Responsibility Law also excepts

2. The pertinent parts of the district court's order from which this appeal was taken are as follows:

As to the issue of whether Uninsured Motorist Coverage of the policy in question may be reduced by any sums paid under the Bodily Injury Liability Coverage of said policy—it appearing that under the decisions and statutes of the State of Mississippi and other jurisdictions and under the public policy of the State of Mississippi, the provisions of said policy in this regard are void and without legal force and effect, the Plaintiff conceding that this finding is proper and correct. Accordingly, it is

ORDERED:

(1) That the full $10,000.00/$20,000.00 Uninsured Motorist Coverage of said policy be available to the occupants of the Thornberg vehicle.

As to the issue of whether Bodily Injury Liability Coverage of the policy in question may be reduced by any sums paid under the Uninsured Motorist Coverage of said policy—it appearing that under the Mississippi Safety Responsibility Law, proof of financial responsibility for bodily injury liability claims must be in amounts of at least $10,-000.00/$20,000.00; that said financial responsibility may be proven by an automobile liability insurance policy; that parties with such policies in effect at the time of the accident in question are not subject to said Law; that Paragraph 9 of the general Conditions of the policy in question provides that when said policy is certified as proof of financial responsibility, it shall comply with the minimum $10,000.00/$20,000.00 bodily injury liability limits required by said Law; that to permit any payment made under the Uninsured Motorist Coverage of said policy to be applied to reduce the amount available under the Bodily Injury Liability Coverage of said policy would have the effect of reducing the Bodily Injury Liability Coverage of said policy below the minimum $10,000.00/$20,-000.00 coverage required by said Safety Responsibility Law; that separate premiums were paid by Thornberg for said Bodily Injury Liability Coverage and for said Uninsured Motorist Coverage, and Thornberg could reasonably have expected full $10,-000.00/$20,000.00 Bodily Injury Liability Coverage and full $10,000.00/$20,000.00 Uninsured Motorist Coverage; that it is the legislative intent and the public policy of the State of Mississippi that full $10,-000.00/$20,000.00 Bodily Injury Liability Coverage and full $10,000.00/$20,000.00 Uninsured Motorist Coverage be available to the parties concerned; and that the provisions of said policy to the contrary are likewise void and without legal force and effect. Accordingly, it is

ORDERED:

(2) That the full $10,000.00/$20,000.00 Bodily Injury Liability Coverage of said policy be available to the passengers of the said Thornberg vehicle.

certain classes of drivers, including those who possess a $10,000.00/$20,000.00 liability policy, effective at the time of an accident, from the requirement of proving financial responsibility after an accident has occurred. See § 63–15–11(3).

The issue on appeal is whether from these statutorily imposed insurance requirements we can perceive a state policy which invalidates the Company's attempt to limit its liability through an offset provision. Harthcock v. State Farm Mutual Automobile Ins. Co., 248 So.2d 456, 459–60, 461–62 (Miss.1971). We believe such a state policy emanates strongly from the Safety Responsibility Law and the Uninsured Motorist Coverage Act, and from Mississippi decisions declaring invalid offset provisions designed to reduce benefits accruing under uninsured motorist (as opposed to bodily injury liability) coverage.

A motor vehicle operator in Mississippi who is involved in an accident must, in order to avoid losing his driving privileges, either own at the time of the accident an effective $10,000.00/$20,000.00 bodily liability insurance policy, or prove after the occurrence of the accident that he is "financially responsible." See, Safety Responsibility Law § 63–15–11.

> "Proof of financial responsibility" means proof of ability to respond in damages for liability, on account of accidents occurring subsequent to the effective date of said proof . . . in the amount of ten thousand dollars ($10,000.00) because of bodily injury to or death of one (1) person in any one (1) accident, and subject to said limit for one (1) person, in the amount of twenty thousand dollars ($20,000.00) because of bodily injury to or death of two (2) or more persons in any one (1) accident . . . . Safety Responsibility Law. § 63–15–3(j).

If Thornberg were called upon to prove his financial responsibility, he would undoubtedly seek to do so by his insurance policy for which premiums have been apparently regularly paid. At oral argument counsel for the Company conceded that separate premiums were paid for each type of coverage here involved. The Company's attempt to limit its bodily injury liability coverage impinges upon Thornberg's ability to satisfy Mississippi officials of his financial responsibility. Of course, as previously noted, unless the Company prevails on this appeal Thornberg is excepted from the Mississippi requirement to establish financial responsibility because he owned at the time of the accident a bodily injury liability policy affording $10,000.00/$20,000.00 coverage. If the Company succeeds in its argument, Thornberg finds himself in the anomalous position of owning a fully paid $10,000.00/$20,000.00 liability insurance policy which neither excepts him from the license suspension provisions of the Safety Responsibility Law, nor satisfies that Law's requirement of proof of financial responsibility. No model of legislative clarity is necessary to indicate to this court that the Mississippi legislature could not have intended such a result. To have Thornberg's bodily injury liability coverage diminished by payments made on behalf of an uninsured motorist, for whom the insured paid additional premiums, contravenes Mississippi's plan to encourage financial responsibility on the part of its drivers and offends this court's notion of fairness to the policyholder. Viewed from this perspective of state policy, the offset provision is also directly in conflict with condition 9 of Thornberg's insurance policy:

> When this policy is certified as proof *of financial responsibility* for the future under the provisions of the motor vehicle financial responsibility law of *any state* . . . such insurance as is afforded by this policy for *bodily injury liability* . . . *shall* comply with the provisions of such law . . . (Emphasis added)

It seems apparent to us that it is inconsistent for the policy on the one hand to provide for an offset, and on the other to require strict compliance with a state statute incompatible with the offset provisions. Such ambiguity is resolved in

favor of the insured. Griffin v. Maryland Cas. Co., 213 Miss. 624, 57 So.2d 486, 489 (1952); State Farm Mutual Automobile Ins. Co. v. Latham, 249 So.2d 375, 378 (S.Ct.Miss.1971).

We have found no Mississippi cases which address the question whether an insurance company may validly offset payments made pursuant to the uninsured motorist coverage against payments due under the bodily injury liability provision of the same policy. However, in Talbot v. State Farm Mutual Automobile Insurance Company, 291 So.2d 699, 703 (S.Ct.Miss.1974), the court disallowed a very similar offset provision.

> We hold that the attempt of State Farm to limit its liability under the *uninsured motorist coverage* by the amount paid under the medical coverage is in conflict with the statutory requirements concerning uninsured motorist coverage. Under the authority of Harthcock v. State Farm Mutual Automobile Insurance Co., 248 So.2d 456 (Miss.1971), this attempt to cut down on the coverage the statute requires is not permissible. (Emphasis added) (See Uninsured Motorist Coverage Act § 83–11–101).

In *Harthcock* the court stated that, "The [uninsured motorist] coverage is mandatory on the insurer and this undertaking cannot be diminished by a provision in the policy." 248 So.2d 456, 462 (Miss. 1971). The Company concedes that any attempt to reduce the uninsured motorist coverage afforded in a policy by amounts paid for bodily injury liability is void in Mississippi. The Company seeks in the case *sub judice* to do the opposite—to do indirectly what it can not do directly. We feel that the Company's position is untenable.

In summary, we find two reasons for rejecting the argument advanced by the Company: (1) The offset provision under scrutiny is clearly in conflict with state policy as evidenced by the applicable Mississippi statutes. (2) Mississippi cases look askance at insurance policy provisions designed to limit uninsured motorist coverage, and it follows that Mississippi courts would disallow similar provisions seeking to reduce bodily injury liability coverage.

The judgment of the district court is affirmed.