## VALERIE ROSE TAYLOR AND OTHERS v. GREAT CENTRAL INSURANCE COMPANY.

234 N. W. 2d 590.

October 3, 1975—No. 45044.

*Carroll, Cronan, Roth & Austin* and *Frank X. Cronan,* for appellant.

*DeParcq, Anderson, Perl, Hunegs & Schwebel* and *James R. Schwebel,* for respondents.

Heard before Otis, Peterson, Todd, MacLaughlin, and Yetka, JJ., and considered and decided by the court en banc.

OTIS, JUSTICE.

This is an appeal from the judgment of the district court which invalidated provisions in an insurance policy reducing uninsured-motorist coverage in the policy by amounts paid under its liability provisions and paid on behalf of other persons jointly liable for the claimant's injury. We affirm.

Plaintiff Valerie Rose Taylor was a passenger in an automobile owned and operated by Michael Stodola, whose car col-

lided with one driven by John Ankrum. A third vehicle, owned and operated by Gladys Singer, collided with the other two cars. Ms. Taylor collected $10,000 for bodily injury from Stodola's insurer, Great Central Insurance Company, and $45,000 from Ms. Singer's insurer, Aetna Casualty and Surety Company. John Ankrum, the driver of the third car involved in the collision, was not insured. As a result, Ms. Taylor sought further compensation from Stodola's insurer, defendant Great Central, pursuant to the uninsured-motorist provisions of his policy. Great Central denied liability by reason of a limitation contained in the policy which provides as follows:

"Limits of Liability—Uninsured Motorists Coverage.

\* \* \* \* \*

"(b) Any amount payable as damages because of bodily injury sustained in an accident by a person who is an insured under this coverage shall be reduced by

"(1) all sums paid on account of such bodily injury by or on behalf of (i) the owner or operator of the uninsured automobile and (ii) any other person or persons jointly or severally liable together with such owner or operator for such bodily injury, including all sums paid under the Liability Coverage of this policy \* \* \*."

Plaintiffs then commenced this action for declaratory judgment.

The trial court held that the setoff provisions were contrary to public policy, citing our decisions in Van Tassel v. Horace Mann Mutual Ins. Co. 296 Minn. 181, 207 N. W. 2d 348 (1973); Pleitgen v. Farmers Ins. Exch. 296 Minn. 191, 207 N. W. 2d 535 (1973); and Brunmeier v. Farmers Ins. Exch. 296 Minn. 328, 208 N. W. 2d 860 (1973). In Van Tassel and Pleitgen, we invalidated setoffs which reduced uninsured-motorist coverage by the amounts paid under the medical payment coverage of other insurance policies, and in Brunmeier we invalidated similar setoffs which reduced the coverage by the amounts paid under our Workmen's Compensation Act.

1. We agree that the reasoning of those decisions governs here. As in Brunmeier v. Farmers Ins. Exch. *supra,* the issue is controlled by Minn. St. 1969, § 72A.149, subd. 2,[1] which at the time of this accident provided for mandatory insurance coverage in every automobile liability policy in amounts prescribed by Minn. St. 1969, § 170.25, subd. 3, of the Safety Responsibility Act.

In Brunmeier, this court interpreted Minn. St. 1967, § 72A.149, subd. 1, in substance the same as Minn. St. 1969, § 72A.149, subd. 2, and the Safety Responsibility Act, as follows:

"* * * [W]e are of the opinion that the Minnesota statute

---

[1] Minn. St. 1969, § 72A.149, subd. 2, provided as follows: "No automobile liability or motor vehicle liability policy of insurance, not included within the definition of policy of automobile liability insurance contained in subdivision 1, insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, under provisions approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles, including colliding motor vehicles whose operators or owners are unknown or are unidentifiable at the time of the accident, and whose identity does not become known thereafter, because of bodily injury, sickness or disease, including death, resulting therefrom; provided, that the named insured shall have the right to reject in writing such coverage; and provided further that, unless the named insured requests such coverage in writing, such coverage need not be provided in or supplemental to a renewal policy where the named insured had rejected the coverage in connection with a policy previously issued to him by the same insurer. The policy limits of the coverage required to be offered by this section shall be as set forth in section 170.25, subdivision 3, until January 1, 1971; thereafter, at the option of the insured, the uninsured motorist limits shall be equal to those provided in the policy of bodily injury liability insurance of the insured or such lesser limits as the insured elects to carry."

intends to provide the injured party with no less benefits than those he would be entitled to had the tortfeasor been insured. * * *.

\* \* \* \* \*

"* * * If the purpose of the statute is to be fulfilled, the injured party is entitled to the proceeds of his uninsured-motorist coverage within the limits of his own policy coverage free from any reductions which would not be available in a suit against an insured tortfeasor." 296 Minn. 334, 208 N. W. 2d 865.

Similarly, in this case the setoff provisions seek to limit Ms. Taylor's recovery to less than she would have received had the tortfeasor actually been insured, in which event she would not have been required to deduct from that coverage amounts paid by her own liability insurer or paid by other tortfeasors. It follows then, that the insurer in this case cannot defeat the intention of the mandatory uninsured-motorist coverage statute in effect at the time of the accident by claiming such setoffs.[2]

2. Defendant contends that plaintiffs have not suffered damages sufficient to entitle them to further compensation. That issue is not properly before the court because, according to the terms of the policy, the issue must first be submitted to arbitration.

Affirmed.

---

[2] This has been the conclusion of every case which has come to our attention. Geyer v. Reserve Ins. Co. 8 Ariz. App. 464, 447 P. 2d 556 (1968); United Services Auto. Assn. v. Cotter, 241 So. 2d 733 (Fla. App. 1970); Michigan Mutual Lia. Co. v. Karsten, 13 Mich. App. 46, 163 N. W. 2d 670 (1968); Raitt v National Grange Mutual Ins. Co. 111 N. H. 397, 285 A. 2d 799 (1971); American Mutual Ins. Co. v. Romero, 428 F. 2d 870 (10 Cir. 1970) (New Mexico Law); State Farm Mutual Auto. Ins. Co. v. Barnette, 485 S. W. 2d 545 (Tenn. 1972); Rhault v. Tsagarakos, 361 F. Supp. 202 (D. Vt. 1973); White v. Nationwide Mutual Ins. Co. 361 F. 2d 785 (4 Cir. 1966); Security Nat. Ins. Co. v. Hand, 31 Cal. App. 3d 227, 107 Cal. Rptr. 439 (1973). And see, Widiss, A Guide to Uninsured Motorist Coverage, § 2.63.