619 P.2d 24

**FARMERS INSURANCE COMPANY OF ARIZONA, an Arizona Corporation, Plaintiff–Appellant,**

v.

**Luther WOODRUFF and Bernice Woodruff, husband and wife, Defendants–Appellees.**

**1 CA–CIV 4665.**

Court of Appeals of Arizona, Division 1, Department B.

Aug. 21, 1980.

Rehearing Denied Sept. 26, 1980.

Review Denied Oct. 15, 1980.

Johnson, Jessen, Dake & Oplinger, P.A. by G. Michael Jessen, Ruth L. Harris, Phoenix, for plaintiff–appellant.

G. David Gage, Phoenix, for defendants–appellees.

OPINION

FROEB, Judge.

This case involves uninsured motorist coverage under two automobile insurance policies and the effect a settlement under one has upon a recovery under the other.

Luther and Bernice Woodruff were passengers in a 1960 Ford pickup truck owned by Anthony Guido and driven by Philip M. Smith. On November 3, 1976, this car col-

lided with a 1969 Chevrolet Camaro driven by Thomas M. Forst. Forst was uninsured.

The Ford truck was insured by Western Insurance Companies, dba Western Casualty and Surety Co. (Western) under a policy which provided both liability and uninsured motorist coverage. The driver of the Ford truck, Philip M. Smith, was an insured under a policy issued by Allstate Insurance Co., which provided liability and uninsured motorist coverage. The Woodruffs were insured under a policy issued by Farmers Insurance Company of Arizona (Farmers) which provided liability and uninsured motorist coverage. All three policies provided uninsured motorist coverage of $15,000 per person and $30,000 per occurrence as required by A.R.S. § 20–259.01.

Following the accident, upon advice of counsel, the Woodruffs entered into an agreement with Guido, Smith and Western entitled "Covenant not to sue or prosecute further." Under this agreement, the Woodruffs received $21,000 under the liability and medical pay coverage portions of the Western policy but specifically agreed that they would receive no payment under the uninsured motorist provision of the policy. Further, as part of the agreement, the Woodruffs reserved the right to make claims and prosecute actions against any other person, including the uninsured motorist Forst, Allstate and Farmers. Following this, the Woodruffs initiated a claim under the uninsured motorist provisions of their own policy with Farmers. Farmers then brought this declaratory judgment action to determine if such coverage was available. The trial court granted summary judgment in favor of the Woodruffs from which Farmers appeals.

The Farmers policy issued to the Woodruffs contained the following provision: With respect to bodily injury to an insured while occupying an automobile not owned by the named insured, *the insurance under the Uninsured Motorist Coverage shall apply as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance,* and this in-

surance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance. Except as provided in the foregoing paragraph, *if the insured has other similar insurance available to him* and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the Company shall not be liable for a greater proportion of any loss to which this Uninsured Motorist Coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance. (Emphasis added).

Farmers' argument is that their policy was only excess insurance with respect to the Woodruffs' loss; the primary insurance, the Western policy insuring the Ford truck, was available to the Woodruffs who intentionally elected not to make their claim against it; the "other insurance" clause of the Farmers policy is valid and prohibits the Woodruffs from collecting upon it until the primary policy has been exhausted.

The Woodruffs argue that the "other insurance" provision of the Farmers policy applies only where the primary insurance of the Western policy is available to them; that by reason of their settlement with the insureds under the Western policy providing that they would make no claim against the uninsured motorist coverage, this coverage is no longer "available" to them; and therefore the Farmers policy is not excess and should provide coverage for the uninsured motorist claim. As a second argument, they contend that the "other insurance" clause is void as against public policy because (1) it prevents the Woodruffs from making any uninsured motorist recovery at all, and (2) it would prevent the Woodruffs from reaching a beneficial settlement of the liability portion of their claim against the Western insureds.

Resolution of the first issue depends upon an analysis of *Kraft v. Allstate Insurance Company,* 6 Ariz.App. 276, 431 P.2d 917

(1967), *opinion modified* 6 Ariz.App. 326, 432 P.2d 470 (1967), and *Geyer v. Reserve Insurance Company*, 8 Ariz.App. 464, 447 P.2d 556 (1968).

*Geyer*, decided after *Kraft*, involved a suit by a passenger against the driver following an accident involving an uninsured motorist. The court held that the injured passenger was entitled to the cumulative benefit of both the liability and uninsured motorist provisions of the primary policy, turning aside the contention that under an applicable provision of the policy the amount payable under one of the coverages must be reduced by the amount payable under other coverage. The meaning of *Geyer*, for our purposes here, is that injured passengers such as the Woodruffs, are entitled to look to the combined benefits of both the liability and uninsured motorist coverages of the Western Policy. Moreover, they legally could have settled the liability coverage and left open issues relating to the uninsured motorist coverage under the Western policy. For reasons explained in their brief, they did not do so.

*Kraft* also involved a suit by a passenger against the driver following an accident involving an uninsured motorist. The court held that the uninsured motorist coverage of the passenger's own policy should not be denied him, rejecting the argument that the driver's uninsured motorist coverage was "available." The court found the primary uninsured motorist coverage of the driver's policy was *not available* because it had been exhausted. The reason it had been exhausted was because of a cumulative benefits provision in the driver's policy. The passenger had made a settlement under the driver's policy for the full amount of the liability coverage. Because of the offsetting or cumulative benefit provisions of the policy, no further amounts could be paid under the uninsured motorist provisions. Although a year later the same court in the *Geyer* case held the offsetting or cumulative benefit provision invalid in Arizona, it was assumed in *Kraft* to be valid and enforceable, and because it was, the driver's uninsured motorist benefits were held unavailable and the passenger's own uninsured motorist coverage became available.

The law in Arizona is thus clear that a passenger can settle a claim of liability against the driver under the driver's policy without at the same time reducing or exhausting his claim against the driver's insurance company for the negligence of the uninsured motorist. In such an event, he cannot assert a claim for uninsured motorist coverage under his own insurance policy because it is "excess" coverage.

Since the passenger may assert the claim for uninsured motorist coverage against the driver's policy and must do so before looking to his own policy, his failure to do this will bar a claim against his own insurer. In the present case, the Woodruffs not only failed to do this, but entered into an agreement that they would not make such a claim. We therefore hold that their claim for uninsured motorist coverage against Farmers must be denied. "To hold otherwise would allow companies primarily liable to transfer liability by making token settlements. Such a holding would not give effect to the clear, unambiguous language of excess insurance clauses." *Smith v. Government Employees Insurance Company*, 558 P.2d 1160, 1162 (Okl.1976).

The Woodruffs next contend that the "other insurance" clause is void as against public policy because it prevents the Woodruffs from making any uninsured motorist recovery at all. We reject this without extended discussion because it is apparent that the Woodruffs contracted away their right to recover money for this liability when they settled with Western.

The final argument of the Woodruffs is based upon the public policy of Arizona which strongly encourages compromise and settlement of personal injury claims. They argue that they would not have been able to settle with Western for the liability arising from the operation of the Ford truck without also agreeing not to further claim against Western under the uninsured motorist coverage for the negligence of Forst, the uninsured driver of the Chevrolet car. To support this, the Woodruffs include in

the record an affidavit of their attorney explaining the reasoning behind the settlement with Western. Among other things, it states that Western would not settle the liability arising out of the use of the Ford truck and leave open the claim against it for uninsured motorist coverage. It also states that settlement with Western was clearly in the best interests of the Woodruffs as opposed to a trial. They argue that if we uphold the right of Farmers to assert the "other insurance" clause of its policy, thus barring an uninsured motorist recovery by the Woodruffs, the net effect is to thwart the injured victims' right to settle an accident case in the most beneficial manner. The Woodruffs argue, without referring us to any case law precedent, that the "other insurance" clause is therefore void because it is against the policy of compromise and settlement in Arizona.

Although it is not a holding directed to this question, the Arizona Supreme Court has upheld the "other insurance" clause as it relates to uninsured motorist coverage in *Transportation Insurance Company v. Wade*, 106 Ariz. 269, 475 P.2d 253 (1970). So have other jurisdictions. *See, e. g., Alliance Mutual Casualty Company v. Duerson*, 184 Colo. 117, 518 P.2d 1177 (1974); *Putnam v. New Amsterdam Casualty Company*, 48 Ill.2d 71, 269 N.E.2d 97 (1970); *Westhoff v. American Interinsurance Exchange*, 250 N.W.2d 404 (Iowa 1977); *Lyon v. Hartford Accident & Indemnity Company*, 25 Utah 2d 311, 480 P.2d 739 (1971). *See generally* Annot., 28 A.L.R.3d 551 *Uninsured Motorist Insurance: Validity and Construction of "Other Insurance" Provisions*.

We think the Woodruff argument concerning the importance of compromise and settlement falters in light of established law relating to primary and secondary coverage. Compromise and settlement is a many–sided, variable matter which operates within and takes into account the law of negligence and the effect of policy provisions which indemnify against losses arising from negligence. If we accept the fact that uninsured motorist coverage may be secondary by reason of the "other insur-

ance" clause, as we must under *Wade*, a settlement with another insurer cannot alter the coverage and make it primary, however intricate considerations of settlement may be. Adherence to this principle does not discourage settlement, it should enhance it. Were we to embark upon the evaluation of provisions of insurance policies in terms of what settlement possibilities they are likely to produce, we would enter a hopeless quagmire. We therefore reject the argument that the "other insurance" clause of the Farmers policy is void as against public policy.

For the reasons stated, the judgment of the trial court is reversed.

HAIRE and WREN, JJ., concur.