629 P.2d 999

**Maria ALMAGRO, by and through her next best friend, Michael Almagro, Plaintiff/Appellant,**

v.

**ALLSTATE INSURANCE COMPANY, Defendant/Appellee.**

No. 2 CA–CIV 3820.

Court of Appeals of Arizona, Division 2.

March 27, 1981.

Rehearing Denied May 11, 1981.

Review Denied June 16, 1981.

Davis, Siegel & Gugino by Barry M. Davis, Tucson, for plaintiff/appellant.

Slutes, Browning, Zlaket & Sakrison, P. C., by A. John Pelander, Tucson, for defendant/appellee.

## OPINION

HATHAWAY, Chief Judge.

In this appeal we decide the issue of whether the "other insurance" clause of an injured party's auto insurance policy applies while the insured is a passenger in another auto, the driver of which carries his own insurance.

Maria Almagro was injured in an auto accident in Pima County on August 13, 1979. On that date, Maria's father had effective auto insurance policies with both Allstate Insurance Company and the Farmers Insurance Group. Both policies included medical payment coverage in the amount of $5,000 for Maria. Maria was injured while traveling as a passenger in a car driven by Sandra Parsons. The policy covering Sandra was issued by Royal Globe Insurance Company and had a guest medical payment provision in the amount of $2,000.

Maria incurred medical expenses of $8,198.54 in the accident. She requested medical payments under the Farmers policy and was paid $5,000. In addition, Royal Globe offered its $2,000 in medical payments to her. She declined on the basis that it would reduce any ultimate recovery from the liability portion of the policy. Maria also made demand on Allstate for $5,000. Allstate refused and offered excess coverage after the Farmers and Royal Globe medical payments coverage had been depleted.

The issue of whether Allstate's "other insurance" clause applied to make its coverage excess reached the trial court on cross-motions for summary judgment. The court concluded the "other insurance" clause applied and ruled that Maria could recover against Allstate only the amount of medical expenses incurred and proven over and above $7,000.

Allstate's "other insurance" clause in its automobile medical payments policy provides:

"If There is Other Insurance

When this coverage applies to a substitute auto or non-owned auto, Allstate will pay only after all other collectible auto medical insurance has been exhausted. When this coverage applies to a replacement auto or additional auto, this policy will not apply if you have other collectible auto medical insurance."

"Substitute auto" or "non-owned auto" are not specifically defined in the policy. However, both are included under the "insured autos" section in the medical payments policy:

"Insured Autos

\*    \*    \*    \*    \*    \*

(3) A substitute four wheel private passenger or utility auto, not owned by you or a resident of your household, being temporarily used while your insured auto is being serviced or repaired, or if your insured auto is stolen or destroyed.

(4) A non-owned auto used with the permission of the owner.

This auto must not be available or furnished for the regular use of a person insured."

Maria argues that for the "other insurance" clause to take effect, she would have to be using a substitute auto or non-owned auto at the time of the accident. We agree that the Parsons' automobile in which she was traveling as a passenger was not a substitute auto under the policy. She also contends that she was not "using" a non-owned auto since she was merely a passenger in the Parsons' auto, and that therefore the "other insurance" clause does not apply to her.

If a provision in an insurance policy is not ambiguous, we must construe it ac-

cording to its plain and ordinary meaning. *Parks v. American Casualty Co.*, 117 Ariz. 339, 572 P.2d 801 (1977). Under these circumstances, the policy provisions must be applied as written, and we will not pervert or do violence to the language used or extend it beyond its plain and ordinary meaning. *Stephan v. Allstate Insurance Co.*, 26 Ariz.App. 367, 548 P.2d 1179 (1976).

With these principles in mind, we hold that Maria was using a non-owned auto when the accident occurred, and since the Allstate coverage applies, its "other insurance" clause is effective to make its medical payments coverage excess over other collectible insurance. Although "non-owned auto" is not specifically defined, as it has been in past Allstate policies, we see no reason to manipulate the plain meaning of the term. In common parlance, the Parsons' vehicle was "non-owned" in the sense that Maria or her father did not have title to it. *Heard v. Farmers Insurance Exchange Co.*, 17 Ariz.App. 193, 496 P.2d 619 (1972).

Even if the description of "non-owned auto" under the "insured autos" section applied, Maria was "using" the Parsons' vehicle with the permission of the owner as a passenger. When the objective of the "other insurance" clause is recognized, we find no valid reason to distinguish between the insured as a driver or a passenger in a non-owned automobile. *Vallaire v. Employers Liability Assurance Corp.*, 177 So.2d 391 (La.App.1965). The general object of Allstate's medical payments coverage is to assure its insureds that medical expenses will be paid within the limits of the policy. Since the medical expenses here were payable by other carriers because the insured was in a non-owned vehicle, there is no reason for Allstate to pay the insured for an expense already satisfied. *See Wyman v. Allstate Insurance Co.*, 29 App.Div.2d 319, 288 N.Y.S.2d 250 (1968). It is only after the existing primary insurance is exhausted that the Allstate medical payments coverage should apply.

Affirmed.

HOWARD and BIRDSALL, JJ., concur.