731 P.2d 80

William J. SPAIN, Personal Representative of the Estate of Patricia L. Story, Plaintiff/Appellant,

v.

VALLEY FORGE INSURANCE COMPANY, a Pennsylvania corporation, Defendant/Appellee.

No. 2 CA–CIV 5484.

Court of Appeals of Arizona, Division 2, Department B.

Dec. 20, 1985.

See also 152 Ariz. 189, 731 P.2d 84.

Leonard & Clancy, P.C. by Kenneth P. Clancy, Phoenix, for plaintiff/appellant.

Jennings, Strouss & Salmon by Jay A. Fradkin, Phoenix, for defendant/appellee.

HATHAWAY, Presiding Judge.

This appeal is from a summary judgment for Valley Forge Insurance Company (Val-

ley Forge) in a declaratory judgment action filed to determine whether it was required to provide coverage pursuant to the uninsured and underinsured provisions of the policy.

Patricia Story was a passenger in a car driven by Valley Forge's insured when it was involved in an accident with a vehicle driven by an uninsured motorist. She died from her injuries. Both parties concede that both drivers were at fault.

The Valley Forge policy provided for $100,000 coverage for bodily injury and property damage for each accident, $100,000 for bodily injury due to uninsured motorists and statutory limits for underinsured motorists. Valley Forge paid the appellant, personal representative for Patricia Story, $100,000.

Appellant sued Valley Forge, alleging that the policy called for separate coverages each in the amount of $100,000 for bodily injury, uninsured motorist and underinsured motorist coverage. He sought declaratory relief to that effect and judgment in the applicable amount. Valley Forge's motion for summary judgment was granted, hence this appeal.

The pertinent sections of the policy follow. Part A, liability coverage, provides in part:

"Limit of Liability. The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for all damages resulting from any one auto accident. This is the most we will pay regardless of the number of:

1. Covered persons;
2. Claims made;
3. Vehicles or premiums shown in the Declarations; or
4. Vehicles involved in the auto accident.

We will apply the limit of liability to provide any separate limits required by law for bodily injury and property damage liability. However, this provision will not change our total limit of liability."

Part C, uninsured motorists coverage provides:

"Limit of Liability. The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for all damages resulting from any one accident. This is the *most* we will pay regardless of the number of:

1. Covered persons;
2. Claims made;
3. Vehicles or premiums shown in the Declarations; or
4. Vehicles involved in the accident.

*Any amounts otherwise payable for damages under this coverage shall be reduced by all sums:*

1. Paid because of the bodily injury by or on behalf of persons or organizations who may be legally responsible. This includes all sums *paid under Part A;* and

2. Paid or payable because of the bodily injury under any of the following or similar law:

a. workers' compensation law; or

b. disability benefits law. *Any payment under this coverage will reduce any amount that person is entitled to recover for the same damages under Part A.*" (Emphasis added).

■ The underinsured provisions of the policy do not concern us, as the driver of the second vehicle was uninsured. That vehicle could not at the same time be uninsured and underinsured. *Evenchik v. State Farm Insurance Company,* 139 Ariz. 453, 679 P.2d 99 (App.1984). The relevant statute defines underinsured coverage as coverage if the sum of the limits of liability under all liability insurance policies at the time of the accident was less than the total damages. A.R.S. § 20–259.01(E). Here there was no liability insurance policy covering the second vehicle at the time of the accident.

This being an appeal from summary judgment, we view the facts most favorably to the party against whom judgment was taken. *Gulf Insurance Company v. Grisham,* 126 Ariz. 123, 613 P.2d 283, (1980). The interpretation of an insurance

policy is a question of law to be determined on appeal independently of the findings of the trial court. *State Farm Fire & Casualty Company v. Rossini*, 107 Ariz. 561, 490 P.2d 567 (1971). Provisions of insurance policies are to be construed in a manner consistent with their plain and ordinary meaning. *Sparks v. Republic National Life Insurance Company*, 132 Ariz. 529, 647 P.2d 1127 (1982). Courts will not indulge in forced construction of an insurance policy to impose liability on an insurer which it has not contracted to assume. *Travelers Indemnity Company v. State*, 140 Ariz. 194, 680 P.2d 1255 (App.1984). If an insurance policy provision is not ambiguous, it must be construed according to its plain and ordinary meaning. *Almagro v. Allstate Insurance Company*, 129 Ariz. 163, 629 P.2d 999 (App.1981).

Appellant first contends that the wording of the policy clearly supports his position. He maintains that the use of the words "[t]he limit of liability ... for this coverage" in each section of the policy clearly indicates an intention to provide separate limits of liability for each coverage.

■ To determine whether an ambiguity exists in an insurance policy, the language should be examined from the viewpoint of one not trained in the law or the insurance business. State Farm Mutual Auto Insurance Company v. O'Brien, 24 Ariz.App. 18, 535 P.2d 46 (1975). We find the limit of liability section of each part of the policy to be clear and unambiguous. The language quoted by appellant serves to limit the amount of coverage provided by Valley Forge for each of the various coverages to the amount shown in the Schedule or the Declarations for that coverage. If Valley Forge's insured was involved in an accident with a negligent uninsured motorist, then Valley Forge's liability would be limited to the coverage provided in that section of the policy. If their insured caused injury to someone in an accident and was at fault, liability would be limited to the coverage provided in that section. The wording is designed to specify the limit of liability of Valley Forge where the loss payee or loss payees choose different dollar amounts of coverage in various sections of the policy, and different sections of the policy are applicable depending upon the status of the negligent driver.

■ Here, both drivers were negligent and therefore two separate sections of the policy are applicable. We first note that an injured passenger can recover under both the liability and uninsured motorist coverage provided by the host driver's policy if damages are in excess of the limit of one coverage. *Farmers Insurance Company of Arizona v. Woodruff*, 127 Ariz. 196, 619 P.2d 24 (App.1980); *Geyer v. Reserve Insurance Company*, 8 Ariz.App. 464, 447 P.2d 556 (1968). See also 8D J. Appleman, Insurance Law and Practice, § 5128.55 (1981). And see, A. Widiss, Uninsured and Underinsured Motorist Insurance, § 14.6 (2d ed. 1985). There can, of course, be no "double recovery" in excess of actual legal damages, Geyer, supra, and a set-off clause can act to prevent such double recovery. *Schutt v. Allstate Insurance Company*, 135 Ill.App.3d 136, 88 Ill.Dec. 329, 478 N.E.2d 644 (1985).

■ Valley Forge, by clear and unambiguous language, limits its total liability in such a situation by providing that any amount paid under the uninsured motorist coverage will be reduced by all sums paid under the liability coverage and, conversely, that any payment under the uninsured motorist coverage will reduce any amount that person is entitled to receive for the same damages under the liability coverage. The first of these offsets, the complete reduction to the elimination of uninsured motorist coverage, must fail. The reasoning of the supreme court in *Arceneaux v. State Farm Mutual Auto Insurance Company*, 113 Ariz. 216, 550 P.2d 87 (1976), is dispositive of this issue. The court there held that the provisions of A.R.S. § 28–1170(G) indicate that coverage provided by a policy in excess of the amount required by the Financial Responsibility Act is subject to contractual agreement. The court held that an attempt to exclude or limit coverage was invalid to the extent that it

conflicted with the provisions of the act, but that the exclusionary clause there was valid as to all coverage in excess of the minimum amount required by the act.

Division One of this court has recently addressed this issue. *McClellan v. Sentry Indemnity Company*, 140 Ariz. 558, 683 P.2d 757 (App.1984). There the injured named insured had $500,000 uninsured motorist coverage. The policy excluded coverage for vehicles owned by a governmental authority or agency. The insured was injured by a police car which was not covered by liability insurance. The insured looked to his insurer. The court held that the exclusion was valid for amounts in excess of the amount of coverage required by the Financial Responsibility Act and awarded the insured $15,000.

We turn now to the question of the policy provision which reduces the amount paid under the liability coverage by the amount that person received under the uninsured motorist coverage.

The purpose of uninsured motorist coverage is to place the injured party in the same position as to the recovery of damages that he would have been in if the tortfeasor had possessed liability insurance. *Porter v. Empire Fire and Marine Insurance Company*, 106 Ariz. 274, 475 P.2d 258, mod. 106 Ariz. 345, 476 P.2d 155 (1970); *American Protection Insurance Company v. Parker*, 150 Ga.App. 732, 258 S.E.2d 540 (1979); *Taylor v. Great Central Insurance Company*, 305 Minn. 446, 234 N.W.2d 590 (1975); *Brunmeier v. Farmers Insurance Exchange*, 296 Minn. 328, 208 N.W.2d 860 (1973); *Gantt v. L & G Air Conditioning*, 101 N.M. 208, 680 P.2d 348 (App.1983).

Any attempt to reduce the uninsured motorist coverage afforded in a policy below the statutory minimum by amounts paid for bodily injury liability is void in Arizona. *Arceneaux, supra; McClellan, supra.* Valley Forge seeks in the case sub judice to accomplish the same result from the opposite direction—to do indirectly what it cannot do directly. We find this position untenable and against public policy. *Mis-souri General Insurance Company v. Youngblood*, 515 F.2d 1254 (5th Cir.1975).

■ Uninsured motorist coverage required by A.R.S. § 20–259.01(A) for injury to one person is $15,000. Up to that amount the attempted limitation on liability for uninsured motorist coverage in the policy violates statutory requirements. See *Farmers Insurance Company of Arizona v. Woodruff*, supra; *Geyer v. Reserve Insurance Company*, supra. For higher amounts, the parties are free to make their own contractual arrangements, so long as the statutory mandate that an insurer must make available higher limits is not violated. See A.R.S. § 20–259.01(B), which we do not believe is called into question on this appeal.

We cannot determine from the record before us the amount of appellant's damages. If the trial court determines that appellant's damages exceed the $100,000 already paid by Valley Forge, judgment for appellant can be entered to the extent of those damages, not to exceed $15,000.

Reversed with further proceedings consistent with this decision.

LACAGNINA, J., concurs.

LIVERMORE, Judge, dissenting.

I agree that an insurance contract cannot exclude uninsured motorist coverage, that such coverage must be allowed to the policy limits, and that such extended coverage was purchased in this case. Where I part company with the majority, however, is in its determination that the legislative purpose was to require more extensive coverage for a guest of an insured negligent driver, where his injury is the product of the combined negligence of both the insured driver and an uninsured driver, than would be provided the policy owner driver himself. Uninsured motorist coverage was designed to prevent an injured person from being unprotected. So long as the policy provides protection to the faultless for injury up to the policy limits, and those limits exceed the legislatively mandated minimum limits, the legislative purpose is served.

Double protection in the instance of double negligence was not within the legislative purpose and thus should be a matter of contract between the insured and the insurer.