Edward J. SMITH, Appellee,

v.

GOVERNMENT EMPLOYEES INSUR-
ANCE COMPANY, Appellant.

No. 48536.

Supreme Court of Oklahoma.

Dec. 21, 1976.

Nicklas, Parrish, Saenz & Wade, Inc. by
W. F. Parrish, Jr., Lawton, for appellee.

Newcombe & Redman, Inc. by J. W. Doo-
lin, Lawton, for appellant.

DAVISON, Justice:

We are asked to determine whether the evidence before a trial court in a garnishment proceeding was sufficient to sustain the judgment rendered against the garnishee. The issue which proved decisive in the case is: In a garnishment proceeding against an excess insurer, which party has the burden of proving that the limits of other insurance policies involved have been exhausted?

The factual situation giving rise to the garnishment proceeding is as follows: Mr. Smith, owner of an automobile, loaned the automobile to Mr. Bradley, who subsequently damaged the car when he drove it into a curb.

Mr. Smith brought an action against Mr. Bradley seeking compensation for the damage caused to the automobile. Judgment was rendered in that suit against Mr. Bradley for $791.00 plus interest.

Thereafter, Mr. Smith brought a garnishment action against Mr. Bradley's insurance carrier, Government Employees Insurance Company (GEICO), who by virtue of a provision in its insurance contract with Mr. Bradley merely provided excess insurance when Mr. Bradley was driving a "non-owned automobile." [1]

The applicable provision of the insurance contract provided:

"If the insured has other insurance against a loss covered by Part I of this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, *the insurance with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any other valid and collectible insurance.*" [Emphasis added]

After garnishee GEICO denied that it possessed any property of Mr. Bradley or owed Mr. Bradley any money, property, goods, etc., garnisher Smith filed his notice with the court taking issue with the garnishee's answer.

Shortly thereafter, garnishee filed a motion to join an additional party garnishee, Allstate Insurance Company, who after being joined, in its answer, admitted the following: It is stated that it issued and had in force and effect on the date of the accident between the plaintiff and the defendant, a policy of automobile insurance covering property damage on the plaintiff Smith's automobile, resulting from such accident.

Then Allstate continues its answer stating:

"This additional party garnishee has settled the claim of its insured and has received a full, final and complete release from him regarding any claim covered by the aforesaid policy of insurance. . ."

Thus, the record before the trial court in the garnishment procedure clearly demonstrated that there was another insurance policy, in addition to Mr. Bradley's excess coverage, which covered the damage to Mr. Smith's automobile.

Garnisher Smith did not, during the garnishment proceeding, introduce the policy issued by Allstate, nor did he offer any evidence to show the limits of that policy with respect to the damage to his automobile. Nor was said policy introduced by the garnishee GEICO, who could not have in-

1. The insurance policy provided that a "non-owned automobile" means an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile.

A temporary substitute automobile was defined as:

"Any automobile or trailer not owned by the named insured, while temporarily used with the permission of the owner as a substitute for the owned automobile or trailer when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction."

At the time of the collision, Mr. Bradley was driving a non-owned automobile and no one disputes that fact.

troduced the policy, as the trial court's disposition of discovery motions precluded GEICO from obtaining a copy of the policy.[2]

Once garnishee GEICO denied that it had any indebtedness to Mr. Bradley, and once the garnisher Smith took exception to the denial, garnisher Smith had the burden of proving his case.

Since the clear unambiguous language of the insurance policy issued by GEICO provided that GEICO would have no liability until the insurance afforded by other companies [in this case Allstate] had been exhausted, we will give effect to that language. See e. g., *Wiley v. Travelers Insurance Company*, Okl., 534 P.2d 1293 (1975) and *Mid-Continent Cas. Co. v. Peerless Boiler & Eng. Co.*, Okl., 398 P.2d 79 (1965). Also see *Keel v. MFA Insurance Company*, Okl., 553 P.2d 153 (1976), in which this Court, in considering the effect of an "other insurance clause" as it affected uninsured motorist coverage stated:

" * * * where multiple policies in single or several companies provide sufficient coverage to fully satisfy any judgment by insured against uninsured motorist, the *'other insurance clause' in the policies are to be given effect to determine priority of payment.* The priority is first to the application of the uninsured motorist coverage available under the policy covering the vehicle involved in the accident."

[Emphasis added]

Because the effect of the excess coverage provision in the GEICO policy is to make GEICO liable only after the limits of all other policies have been exhausted, garnisher Smith in order to bring himself within the provisions of the GEICO policy, had the burden of showing that the liabilities of other insurance companies were exceeded.

The burden of proof rested upon garnisher Smith because the exhaustion of liability under other valid and collectible insurance policies was a condition precedent to GEICO's liability, and a party who wishes to avail himself of the benefits of a contract provision which is contingent upon the performance of a condition precedent, has the burden of proving that the condition has been performed. 12 O.S.1971 § 300 and *Chicago, R. I. & P. Ry. Co. v. Conway*, 34 Okl. 356, 125 P. 1110 (1912). Also see *Moral Ins. Co. v. Steves*, 208 Okl. 529, 257 P.2d 836 (Okl.1953), in which we stated that:

" * * * the necessity of proof of the insurer's liability to the insured under the terms of the policy cannot be dispensed with by reason of the garnishment proceedings."

Although garnisher Smith had made a settlement of his claim with Allstate, there was no evidence showing that the maximum coverage afforded by Allstate in the policy had been exhausted by settlement, for no information as to Allstate's coverage limitations was introduced.

As we pointed out in *Keel v. MFA Insurance Company*, supra, "other insurance clauses" establish the priority of payments. A settlement between an insurance company which is primarily liable and its insured, even though a full, final and complete settlement, does not affect the priority of payment, unless the amount of the settlement exhausts the policy limits.

To hold otherwise would allow companies primarily liable to transfer liability by making token settlements. Such a holding would not give effect to the clear, unambiguous language of excess insurance clauses.

Accordingly, there was no evidence upon which the trial court in the garnishment proceedings could have concluded that Allstate's liability under its insurance contract had been exhausted. This being so, garnisher Smith failed to prove the performance of the condition precedent, and thus failed to meet the burden of proof upon him.

For the above stated reasons, we reverse the decision of the trial court and, finding

---

**2.** Before the garnishment action was tried to the court, garnishee Allstate Insurance was dismissed from the case on motion by Government Employees Insurance Company.

the above discussed issue dispositive of the appeal, we find it unnecessary to consider other issues raised.

WILLIAMS, C. J., HODGES, V. C. J., and IRWIN, BERRY, LAVENDER, BARNES and SIMMS, JJ., concur.