**Eddie Lee HIBBS and Darlene Hibbs, Appellants,**

v.

**FARMERS INSURANCE COMPANY, INCORPORATED, Appellee.**

No. 61732.

Supreme Court of Oklahoma.

Sept. 24, 1985.

Rehearing Denied Sept. 10, 1986.

John L. Harlan, Sapulpa, for appellants.

Ray H. Wilburn, Tulsa, for appellee.

DOOLIN, Vice Chief Justice.

This is an appeal arising from an order by the Trial Court that defendant's (Farmers Ins. Co.) Motion for Summary Judg-

ment be sustained. The facts in this case were stipulated and undisputed.

On June 7, 1980, Appellant Eddie Lee Hibbs was involved in a "no impact" hit and run automobile accident. Hibbs, in the course of his employment, was driving a pick-up truck owned by his employer, Hill's Produce. Hibbs was returning from Wichita when his vehicle was forced off the road by another driver causing Hibbs to collide with the guard rail.

As a result of the accident, Hibbs sustained injuries requiring medical attention. Hibbs filed a Workers' Compensation claim with his employer receiving compensation benefits in the amount of $12,738.58 and payment of medical bills in the amount of $16,702.63 for a total of $29,441.00. This claim was concluded through joint petition.

Subsequently, Hibbs initiated action in the United States District Court for the Northern District of Oklahoma against Fireman's Fund, his employer's insurance carrier and the insurer of the vehicle Hibbs was driving. Hibbs sought recovery for uninsured motorists (UM) benefits alleging that he was injured as a result of the aforesaid accident and therefore covered within the purview of the Fireman's Fund UM provision. The policy limits of Fireman's Fund with regard to their UM provision was $30,000.00. This case was settled prior to trial within the policy limits of Fireman's Fund for $17,250.00.

Hibbs also initiated the present action against his own insurer, Farmers Insurance Company, with which company he had an insurance policy covering his personal vehicle with UM coverage in the amount of $10,000.00. Farmers filed a Motion for Summary Judgment denying that plaintiff was entitled to recover under its policy because Hibbs had settled the UM claim with the primary carrier (Fireman's Fund) for less than its policy limits. Therefore, Hibbs was not entitled to proceed against Farmers, which was secondarily liable as an uninsured motorist carrier. The trial court granted the Motion for Summary

Judgment and this appeal was then lodged by Hibbs.

We affirm the decision of the trial court.

The issue in this case is whether settlement with the primary UM carrier for less than the policy limits effectively negates recovery from the secondary UM carrier because of the "excess" coverage clause.

It is undisputed that there were two (2) policies of insurance available to Hibbs providing uninsured motorist coverage. The primary policy was with Fireman's Fund, which provided coverage for the vehicle Hibbs was driving, while the secondary policy, containing an excess coverage clause, was with Farmers. Farmers provided coverage to Hibbs by virtue of a policy issued to him for his personal vehicle, which read:

"With respect to bodily injury to an insured while occupying an automobile not owned by the named insured, uninsured motorist coverage shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance."

In *Smith v. Gov't Employees Ins. Co.* [1] this Court said:

"As we pointed out in *Keel v. MFA Ins. Co.,* [2] 'other insurance clauses' establish the priority of payments. A settlement between an insurance company which is primarily liable and its insured, even though a full, final and complete settlement does not effect the priority of payment, unless the amount of the settlement *exhausts the policy limits* (emphasis added); to hold otherwise would allow companies primarily liable to transfer liability by making token settlement. Such a holding would not give effect to the clear, unambiguous language of excess insurance clauses."

The effect of *Smith* as applied to this case means the insurer with secondary coverage does not become liable unless the primary coverage is exhausted.

The effect of the excess insurance provision in Farmers uninsured motorist policy was to make Farmers liable only after the limits of the primary policy (Fireman's Fund) were exhausted. Farmer's policy would come into play only if the Fireman's Fund policy limits were exhausted which did not occur.

In the present case the limits of the primary policy were not exhausted, therefore, Farmers uninsured motorist coverage is not available to Hibbs. The trial court was correct in sustaining Motion for Summary Judgment for Farmers as Hibbs failed to satisfy the condition precedent to recovery under the Farmers policy.

In a similar case, *Farmers Ins. Co. of Arizona v. Woodruff,* [3] the Arizona Court of Appeals dealt with an excess coverage clause which was substantially identical to the one in Hibbs' own policy. In *Woodruff,* passengers in a vehicle settled with the insurer of that vehicle which had the primary liability and UM coverage and executed an agreement that they would not make any claim under the UM provisions of that insurer's policy. The passengers then proceeded against their *own* insurer which had secondary UM coverage. The Arizona court, citing *Smith,* followed our rationale and held that the agreement of the passengers to make no claim under UM provisions of vehicle's primary insurer barred their claim against their own insurer.

Because the effect of the excess coverage provision in the Farmers policy is to make Farmers liable only after the limits of all other policies have been exhausted, and because Hibbs chose to settle for less than the policy limits, this Court AFFIRMS the decision of the trial court.

All Justices concur.

**1.** 558 P.2d 1160 (Okl.1976).

**2.** 553 P.2d 153 (Okl.1976).

**3.** 127 Ariz. 196, 619 P.2d 24 (1980).