497 So.2d 1273 (1986)
Esther R. MILLER, Personal Representative of the Estate of John Miller, Deceased, Appellant,
v.
SAFETY MUTUAL CASUALTY CORPORATION, Appellee.
No. 85-2424.
District Court of Appeal of Florida, Second District.
November 5, 1986.
Douglas J. Loeffler, Clearwater, for appellant.
Gordon D. Cherr of Karl, McConnaughhay, Roland, Maida & Beal, P.A., Tallahassee, for appellee.
RYDER, Judge.
This is an appeal of a summary judgment in favor of Safety Mutual Casualty Corporation denying recovery from an umbrella insurance policy. We reverse.
John Miller was killed in a collision with a negligent uninsured motorist. Miller was operating a vehicle owned by his employer, Carr Brothers, who had $50,000 uninsured motorist insurance with the Maryland Casualty Company. Miller and his wife, Esther R. Miller, appellant, also had $50,000 uninsured motorist insurance with the American Casualty Company. Mrs. Miller settled out of court with Maryland Casualty and American Casualty for $45,000 each. She then brought an action against Safety Mutual Casualty Corporation who had provided Carr Brothers with an umbrella liability policy of $1,000,000 over a retained limit of $500,000. Mrs. Miller's theory was that because Carr Brothers failed to knowingly reject uninsured motorist coverage, Safety Mutual was obligated for uninsured motorist coverage equivalent to its liability limits. *1274 See Aetna Casualty & Surety Co. v. Fulton, 362 So.2d 364 (Fla. 4th DCA 1978).
The trial judge granted Safety Mutual's motion for summary judgment on the ground that even if it be assumed that Carr Brothers had not made a knowing rejection of uninsured motorist coverage, Miller's acceptance of less than the policy limits from Maryland Casualty and American Casualty was a failure to exhaust underlying coverage and thus barred her claim against Safety Mutual as the umbrella carrier, citing Chicago Insurance Co. v. Dominguez, 420 So.2d 882 (Fla. 2d DCA 1982).
This case turns, however, on the express language of Carr Brothers' insurance policy with Safety Mutual: "The Corporation [Safety Mutual] will pay on behalf of the Insured for ultimate net loss in excess of the retained limit" of the policy. The retained limit is defined as including "an amount equal to the limits of liability indicated beside the underlying insurance listed in Schedule A hereof [in this case, $500,000], plus the applicable limits of any other underlying insurance collectible by the Insured... ." Id. Safety Mutual explains its policy this way:
Appellee's umbrella policy specifically notes that the carrier's liability shall be only for the ultimate net loss in excess of the insured's [Carr Brothers] retained limit. The retained limit is defined as (in the present case), an amount at least equal to the applicable limits of any other underlying insurance collectible by the insured (A 9). The decedent was an "insured" under the terms of the policy. (A 10 "Persons or Entities Insured," § a).
The crux of Safety Mutual's argument is that Miller cannot reach the umbrella plateau without first having collected all of the $100,000 available under the policies of Maryland Casualty Company and American Casualty Company. Miller argues to the contrary noting that the Safety Mutual policy does not require the underlying policies to be collected but rather only be collectible.
Each party mounts a public policy argument: Miller argues that to require exhaustion of underlying policies militates against parties settling claims without having to resort to expensive and time-consuming litigation; Safety Mutual says that to allow recovery against an umbrella policy without requiring a claimant to collect the entire amount of any underlying policies vitiates the very meaning of an umbrella policy and the actuarial basis on which it is premised.
The issue does not, however, need to be resolved on this high plane. Safety Mutual is bound by the terms of its policy which defined the conditions under which it would be liable. It alone decided the wording of its contract. Safety Mutual agreed to pay claims which exceeded the retained limit, which included the limits of any underlying insurance collectible by the insured. Nowhere does the policy require such underlying insurance to actually be collected by the insured before Safety Mutual becomes liable. We reverse the decision of the trial court.
The trial court and Safety Mutual relied heavily on this court's decision in Chicago Insurance Co. v. Dominguez, 420 So.2d 882 (Fla. 2d DCA 1982), requiring underlying policies to be exhausted before finding the umbrella carrier to be liable. Dominguez differs from the instant case because there the court was deciding the order of liability among competing insurers, all of whom were before the court, after liability had been determined, and there was no issue concerning a settlement with any of the carriers for less than their limits. To the same effect is the recent case of All-state Insurance Co. v. Executive Car & Truck Leasing, Inc., 494 So.2d 487 (Fla. 1986), which is not applicable here.
Reversed and remanded for proceedings consistent with this opinion.
GRIMES, A.C.J., and HALL, J., concur.