UNITED STATES COURT OF APPEALS
**Filed 12/9/96**
FOR THE TENTH CIRCUIT

WILLIAM H. DAVIS, Trustee of the
Joe D. Davis Revocable Trust,

      Plaintiff-Appellant,

v.

SONAT EXPLORATION COMPANY,

      Defendant-Appellee.

No. 95-5248
(D.C. No. 94-C-828-H)
(N.D. Okla.)

ORDER AND JUDGMENT[*]

Before BALDOCK and BRISCOE, Circuit Judges, and LUNGSTRUM,[**] District Judge.

      After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable John W. Lungstrum, District Judge, United States District Court for the District of Kansas, sitting by designation.

argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff William H. Davis, as Trustee of the Joe D. Davis Revocable Trust (Davis Trust), appeals from the entry of summary judgment in favor of defendant Sonat Exploration Co. (Sonat) in this diversity action for breach of contract and related tortious conduct.  As explained below, we affirm for substantially the reasons stated in the district court's thorough and well-reasoned order granting Sonat's motion for summary judgment.

Plaintiff brought suit to recover damages incurred when Sonat, invoking a buyer's satisfaction clause included in the parties' preliminary agreement, withdrew its offer to purchase certain oil and gas properties from the Davis Trust. Acknowledging application of the clause, plaintiff claimed Sonat breached its attendant duty of good faith and fair dealing by relying on environmental problems which, being insufficient to warrant a reasonable invocation of the clause in themselves, merely served as a pretext concealing Sonat's ulterior motivation to terminate the agreement on impermissible economic grounds.  The district court held plaintiff's evidence legally insufficient to support such allegations and, accordingly, granted Sonat's motion for summary judgment.

> We review the grant or denial of summary judgment de novo, applying the same legal standard used by the district court pursuant to Fed. R. Civ. P. 56(c).  Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on

-2-

file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. When applying this standard, we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. . . .

While the movant bears the burden of showing the absence of a genuine issue of material fact, the movant need not negate the non-movant's claim. . . . If the movant carries this initial burden, the non-movant may not rest upon its pleadings, but must set forth specific facts showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof. An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant.

Wolf v. Prudential Ins. Co., 50 F.3d 793, 796 (10th Cir. 1995)(citations and quotations omitted). We note that plaintiff bore the burden of establishing the conditions precedent to Sonat's obligations under the parties' agreement. See Smith v. Government Employees Ins. Co., 558 P.2d 1160, 1162 (Okla. 1976).

On appeal, the parties dispute the proper legal standard for assessing Sonat's invocation of the satisfaction clause. Plaintiff contends the district court should have applied an objective "reasonableness" standard, while Sonat defends the court's use of a subjective "good faith" standard. We need not resolve this uncertain question of state law. Both parties have argued points involving each standard. Indeed, plaintiff's insistence on an objective standard is peculiarly at odds with his substantial reliance on allegations of pretextual--i.e., subjectively

improper--conduct.  In any event, under either standard the evidence of record warrants the entry of summary judgment in favor of Sonat.

It is undisputed that the decision to withdraw Sonat's $600,000 purchase offer was made exclusively by David Minor, Sonat's vice president and manager of its mid-continent region.  Minor assertedly based his decision on (1) the substantial cost of bringing the properties up to Sonat's high environmental standards[1] (estimated at $157,000), and (2) the potential for future environmental liabilities, particularly relating to groundwater contamination.  These reasons match the documented findings and recommendation of Sonat's operations group, which was specifically responsible for the assessment of environmental problems in connection with proposed acquisitions.  The affidavit submitted by plaintiff's expert, who conceded "a strong possibility that one or more violations of the Clean Water Act has occurred or will occur" and failed even to address the substantial cost of bringing the properties up to Sonat's own standards,[2] does not effectively undercut Sonat's unfavorable environmental assessment of the properties and consequent withdrawal of its purchase offer.  Accordingly, we hold as a matter of law that the pertinent testimonial evidence and documentation

---

[1]     Uncontroverted testimony established both the environmental rigor and commercial rationale for Sonat's internal standards.

[2]     Davis Trust employee Oran Hall likewise expressed a conclusory opinion generally discounting the environmental problems involved without even addressing Sonat's environmental standards.

relating thereto demonstrate an objectively reasonable basis for Sonat's withdrawal of its purchase offer.

We also agree with the district court's rejection of plaintiff's pretext evidence. The excerpts from plaintiff's own deposition ascribing concealed, improper motivations to Sonat reflect nothing more than his self-described "assumptions" and "feelings," admittedly lacking in supporting information or documentation. Essentially the same is true of the testimony plaintiff relies on from two Sonat acquisition personnel, who personally disagreed with the operations group's recommendation to terminate the transaction they had been working to consummate. Since the pertinent environmental assessment fell within the expertise and responsibility of the operations group, whose recommendation was adopted by a separate executive decisionmaker, the contrary opinions of the acquisition employees does not evidence either objective or subjective bad faith.

Finally, in both his deposition testimony and appellate briefing, plaintiff maintains that Sonat's improper motivation may be inferred from its refusal to renegotiate the purchase contract with suitable concessions from Davis Trust to accommodate the environmental deficiencies found. This contention misconceives the nature and function of the satisfaction clause included in the parties' agreement. The nonfulfillment of this condition precedent did not simply afford Sonat a bargaining advantage in some mandatory contract modification

-5-

negotiations, but, rather, discharged Sonat's obligations (and Davis Trust's corresponding rights) under the agreement altogether. See, e.g., Smith, 558 P.2d at 1162; Sunray DX Oil Co. v. Great Lakes Carbon Corp., 476 P.2d 329, 336-37 (Okla. 1970); McDaniel v. McCauley, 371 P.2d 486, 488 (Okla. 1962).

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

John W. Lungstrum
District Judge