104 F.3d 368
 97 CJ C.A.R. 41
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Michael MUSTAIN and Peri Lisa Mustain, Plaintiffs-Appellants,
v.
U.S. FIDELITY AND GUARANTY COMPANY and Commercial Union
Insurance Companies, Defendants,
and
AMERICAN EMPLOYERS INSURANCE COMPANY, Defendant-Appellee.
 No. 92-6184.
(D.C.No. CIV-90-2008-W).
 United States Court of Appeals, Tenth Circuit.
 Dec. 24, 1996.
 
 Before SEYMOUR, Chief Judge, McKAY, and KELLY, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 This matter is before the court following the answering of a certified question by the Oklahoma Supreme Court. Mustain v. United States Fidelity & Guaranty Co., 925 P.2d 533 (Okla.1996). The parties are familiar with the facts, and we will not repeat them.
 
 
 4
 This appeal is taken from a judgment of the district court in favor of defendant-appellee American Employers Insurance Company (American), determining that plaintiffs' settlement of their claim against defendant United States Fidelity and Guaranty Company (USF & G) as the primary insurer for less than the policy limit precluded their claim against American, appellants' uninsured motorist insurer. Based on then recent developments in Oklahoma law, we certified the following question to the Oklahoma Supreme Court:
 
 
 5
 Are the decisions in Hibbs v. Farmers Insurance Co., 725 P.2d 1232 (Okla.1985) and Smith v. Government Employees Insurance Co., 558 P.2d 1160 (Okla.1976) that when an insurance policy contains an excess insurance clause, primary coverage must be exhausted before the secondary insurer is liable, still good law in light of Buzzard v. Farmers Insurance Co., 824 P.2d 1105 (Okla.1991)?
 
 
 6
 The Oklahoma Supreme Court recast the question as follows:
 
 
 7
 1) Based on this Court's rulings in Buzzard v. Farmers Insurance Co., 824 P.2d 1105 (Okla.1991) and State Farm Mutual Auto. Insurance Co. v. Wendt, 708 P.2d 581 (Okla.1985) and pursuant to 36 O.S.1991, § 3636, should uninsured motorist insurance be treated as primary coverage?
 
 
 8
 2) If uninsured motorist insurance must be declared primary coverage in Oklahoma, should the ruling be prospective?
 
 
 9
 The court then proceeded to determine that as between the insurer and its insured, uninsured motorist insurance is primary coverage, id. at 535, and that the insurer "may not withhold payment to its insured on the sole basis that some other insurance has not been exhausted." Id. at 536.
 
 
 10
 The state supreme court's answer is thus contrary to the district court's holding, which granted summary judgment to American on the ground that plaintiffs' failure to exhaust the limits of the primary policy precluded their claim for uninsured motorist benefits against any secondarily liable insurance carrier.
 
 
 11
 Based on Mustain v. United States Fidelity & Guaranty Co., supra, the judgment of the district court is REVERSED and the matter is REMANDED for further proceedings in light of that opinion.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3