Virginia **HALSETH**, et al., Respondents,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,** Appellant.

No. 48115.

Supreme Court of Minnesota.

July 14, 1978.

---

**2.** This case is distinguishable from the facts in *Alman v. Anderson,* 264 N.W.2d 651, 652, note 1 (Minn.1978).

Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Minneapolis, for appellant.

Miller, Neary & Zins, Minneapolis, for respondents.

Minnesota Trial Lawyers Assn., Gregory P. Joseph, Minneapolis, amicus curiae.

OTIS H. GODFREY, Jr., Justice.*

Defendant's appeal in this declaratory judgment action challenges the determination of the district court that a provision in automobile liability insurance policies issued by defendant under which plaintiffs sought uninsured-motorist coverage is invalid because it contravenes the intent of Minn.St. 65B.49, subd. 4. We affirm.

The three policies in question all define a "hit-and-run vehicle" as "a land motor vehicle which causes bodily injury to an insured arising out of physical contact of such vehicle with the insured or with a vehicle which the insured is occupying at the time of the accident * * *." The parties stipulated that the accident occurred September 20, 1975, when plaintiff Ginni Webb was forced to drive into the ditch because of the negligence of one or two unknown drivers. There was no physical contact between the vehicles involved, which was the basis of defendant's denial of coverage. The trial court ruled that the physical-contact requirement was an impermissible restriction on the coverage mandated by § 65B.49, subd. 4. This statute provides in pertinent part:

"(1) On and after January 1, 1975, no plan of reparation security may be renewed, delivered or issued for delivery, or executed in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in the amounts of $25,000 because of injury to or the death of one person in any accident, and subject to the said limit for one person, $50,000 because of bodily injury to or the death of two or more persons in any one accident, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of injury.

"(2) Every owner of a motor vehicle registered or principally garaged in this state shall maintain uninsured motor vehicle coverage as provided in this subdivision.

"(3) 'Uninsured motor vehicle' means any motor vehicle for which a plan of reparation security meeting the requirements of Laws 1974, Chapter 408 is not in effect."

Although the issue presented here has not been decided by this court, policy provisions making physical contact of a hit-and-run motor vehicle with the insured or his vehicle a precondition of coverage have given rise to much litigation in the past several years. Courts of other states have differed on whether the requirement is valid as a reasonable measure to prevent fraud or whether it is so unduly restrictive of uninsured-motorist coverage that it contravenes the intent of the statute under consideration and the public policy of the state.

---

* Acting as Justice of the Supreme Court by appointment pursuant to Minn.Const. art. 6, § 2, and Minn.St. 2.724, subd. 2.

As was pointed out in *Biggs v. State Farm Mutual Auto. Ins. Co.,* 569 P.2d 430, 432 (Okl.1977), uninsured-motorist statutes enacted in this country have fallen into three basic types:

"* * * (1) Those where the statutes specifically state that there be physical contact to provide coverage; (2) those where the statute speaks of the uninsured motorist, but fails to mention either physical contact or hit-and-run drivers; and (3) those where the statute speaks only of uninsured motorists and hit-and-run drivers without mention of physical contact."

In *U. S. Fidelity & Guaranty Co. v. Fruchtman,* 263 N.W.2d 66 (Minn.1978), this court held that a policy-imposed, physical-contact requirement did not conflict with our prior uninsured-motorist statute, Minn. St.1971, § 65B.22, subd. 3, which provided:

"No automobile liability * * * policy of insurance * * * shall be delivered or issued for delivery in this state * * * unless coverage is provided therein * * * for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles, *including colliding motor vehicles whose operators or owners are unknown or are unidentifiable at the time of the accident, and whose identity does not become known thereafter,* because of bodily injury, sickness or disease, including death, resulting therefrom. * * *" (Italics supplied.)

We held (263 N.W.2d 73):

"* * * The phrase 'colliding motor vehicles' unambiguously referred to vehicles where the operator or owner was unidentifiable as distinguished from a known operator or owner of an uninsured vehicle. *The statute did not require an insurer to afford liability coverage to an insured for injuries resulting from an unidentified, noncontact vehicle, sometimes referred to as a 'phantom' vehicle.*" (Italics supplied.)

■ We agree with the trial court that the fact the legislature did not reenact the italicized language of § 65B.22 quoted above when it enacted § 65B.49 plainly demonstrates its intention to require coverage of injuries caused by the actions of hit-and-run drivers whether or not physical contact occurs. Defendant, however, ignores the deletion of this language and insists that § 65B.49, subd. 4, in itself contains a requirement of physical contact as a precondition for such coverage because of the phrase "hit-and-run motor vehicle." Defendant contends that "hit" can only mean some form of physical contact.

Some courts have concluded that there is no conflict between the statutory term "hit-and-run motor vehicle" and the policy requirement of "physical contact of such automobile." *Prosk v. Allstate Ins. Co.,* 82 Ill.App.2d 457, 226 N.E.2d 498, 25 A.L.R.3d 1294 (1967); *Hendricks v. United States Fidelity & Guaranty Co.,* 5 N.C.App. 181, 167 S.E.2d 876 (1969); *Grace v. State Farm Mutual Auto. Ins. Co.,* 197 Neb. 118, 246 N.W.2d 874 (1976).

Other courts have refused to interpret the phrase "hit-and-run" as a statutory requirement of physical contact as a precondition of hit-and-run coverage. We agree with the analysis of the New Hampshire Supreme Court in *Soule v. Stuyvesant Ins. Co.,* 116 N.H. 595, 597, 364 A.2d 883, 885 (1976):

"*The fallacy in interpreting the phrase from the literal meaning of the word 'hit' lies in the fact that it ignores the commonly accepted meaning of the entire phrase.* 'In a majority of jurisdictions, statutes have been enacted imposing a duty upon an individual operating or in control of a motor vehicle involved in an accident causing personal injury or property damage, to stop, give certain information, and to render aid to those who have been injured. [These are] [f]amiliarly known as "hit-and-run["] statutes. * * *' Annot., 23 A.L.R.3d 497, 500 (1969); 61A C.J.S. *Motor Vehicles* § 674(1) (1970); 7 Am.Jur.2d *Automobiles and Highway Traffic* § 246 (1963). '*The use of the term "hit-and-run" * * * is synonymous with a car involved in an*

*accident causing damages where the driver flees from the scene.'* Hartford Accident v. Novak, 83 Wash.2d 576, 585, 520 P.2d 1368, 1374 (1974).

"RSA 262–A:67 (Supp.1975), as is the case with 'hit-and-run' statutes generally, imposes its requirements on any motor vehicle operator who is 'in any manner involved' in an accident, without reference to physical contact. * * * [D]efendant's attempted limitation of its statutory coverage to less than that required by RSA 268:15–a (Supp.1975) is ineffective." (Italics supplied.)

■ The term "hit-and-run" is synonymous with a vehicle involved in an accident causing damages where the driver flees from the scene, regardless of whether or not physical contact between that vehicle and the insured's automobile occurs. Consequently, § 65B.49, subd. 4, comes within the type of uninsured-motorist statute which refers to uninsured motorists and hit-and-run drivers without mention of physical contact. The question thus is whether, in the absence of a specific statutory requirement of physical contact, a policy provision imposing the requirement is compatible with our uninsured-motorist statute. The issue has resulted in a sharp division of opinion both in jurisdictions having statutes like § 65B.49, subd. 4, and those having statutes referring only to uninsured motorists and making no reference either to physical contact or hit-and-run drivers.

It is undisputed that the purpose of the policy provision is the prevention of fraudulent claims. Widiss, A Guide to Uninsured Motorist Coverage, § 2.41. In spite of that purpose, many courts have held the policy requirement in contravention of the intent of uninsured-motorist statutes and against public policy. See, e. g., *Soule v. Stuyvesant Ins. Co. supra; Hartford Acc. & Ind. Co. v. Novak,* 83 Wash.2d 576, 520 P.2d 1368 (1974); *Brown v. Progressive Mutual Ins. Co.,* 249 So.2d 429 (Fla.1971). Other courts

have upheld the requirement. See, *Prosk v. Allstate Ins. Co. supra; Hendricks v. United States Fidelity & Guaranty Co. supra; Grace v. State Farm Mutual Auto. Ins. Co. supra; Ely v. State Farm Mutual Auto. Ins. Co.,* 148 Ind.App. 586, 268 N.E.2d 316 (1971).

■ We are persuaded, however, that the physical-contact requirement is unreasonable and that it contravenes the intent of our uninsured-motorist statute. In *Brunmeier v. Farmers Insurance Exchange,* 296 Minn. 328, 331, 208 N.W.2d 860, 862 (1973), we stated:

"* * * [I]t was the intention of the legislature to confer on automobile liability policyholders benefits against uninsured motorists in no less amounts than such policyholders would have realized against insured motorists."

Obviously, if an insured could recover damages from a known tortfeasor despite the lack of physical contact between his and the insured's vehicles, the insured's uninsured-motorist coverage should apply when the tortfeasor is an unknown hit-and-run driver.

The several earlier decisions in which we have found policy provisions attempting to restrict or reduce coverage mandated by the uninsured-motorist statute then in effect to be in contravention of the statute [1] also support our holding here that the policy provision requiring physical contact as a precondition of hit-and-run coverage impermissibly restricts the coverage intended by § 65B.49, subd. 4, and therefore is void as in contravention of that statute and the public policy of this state. The judgment of the trial court is affirmed.

Affirmed.

OTIS, Justice (dissenting).

It seems obvious to me the legislature simply substituted 3 words for 27 without intending to change the meaning of the

---

1. See, *Taylor v. Great Central Ins. Co.,* 305 Minn. 446, 234 N.W.2d 590 (1975); *Nygaard v. State Farm Mutual Auto. Ins. Co.,* 301 Minn. 10, 221 N.W.2d 151 (1974); *Brunmeier v. Farmers Insurance Exchange,* 296 Minn. 328, 208 N.W.2d 860 (1973); *In re Pleitgen v. Farmers Insurance Exchange,* 296 Minn. 191, 207 N.W.2d 535 (1973); *Van Tassel v. Horace Mann Mutual Ins. Co.,* 296 Minn. 181, 207 N.W.2d 348 (1973).

word "hit". Had the legislature intended to include "phantom" vehicles, it was perfectly capable of saying so but didn't.