Marcia LHOTKA, Appellant,

v.

**ILLINOIS FARMERS INSURANCE COMPANY, Respondent.**

No. C2–97–1126.

Court of Appeals of Minnesota.

Jan. 6, 1998.

Review Denied March 19, 1998.

Timothy W. Nelson, Nelson Personal Injury Attorneys, St. Cloud, for appellant.

Peter G. Mikhail, Askegaard & Robinson, P.A., Brainerd, for respondent.

Considered and decided by TOUSSAINT, C.J., and RANDALL, and FOLEY,* JJ.

## OPINION

RANDALL, Judge.

Appellant challenges the district court's order granting summary judgment in favor of respondent in an action for uninsured motorist benefits. We affirm.

## FACTS

On February 13, 1995, Appellant Marcia Lhotka was struck and knocked down by an automobile while walking across a gas station parking lot in Sartell, Minnesota. The driver of the automobile stopped, got out of her car, and asked Lhotka if she was "okay." Lhotka responded that she had some pain in her head and elbow, "but I think I'm okay." Lhotka did not request any information from the driver. The driver did not provide Lhotka with a name or address or any other information. After being satisfied that nothing needed to be done, the driver left. While driving herself home, Lhotka noticed swell-

ing over her eye. She reported the incident to police the next morning, after she noticed increasing pain in her neck, back, and hips.

Lhotka brought suit against respondent Illinois Farmers Insurance Company. (Farmers), her automobile insurance carrier, after Farmers denied her request for uninsured motorist benefits. Farmers moved for summary judgment on three grounds: (1) the accident was not a hit-and-run as a matter of law, and Lhotka failed to provide any evidence that the vehicle was uninsured; (2) Lhotka failed to give Farmers adequate notice of the claim as required by the insurance contract and Minnesota law; and (3) Lhotka primarily assumed the risk of loss. The district court granted Farmer's motion for summary judgment, ruling the accident was not a hit-and-run as a matter of law. The district court did not rule on the alternative grounds Farmers raised in support of its motion. This appeal by Lhotka followed.

## ISSUES

1. Did the district court err as a matter of law in holding that the unidentified driver was not a hit-and-run driver?

2. Do genuine issues of material fact exist precluding a determination of this issue by summary judgment?

## ANALYSIS

On appeal from summary judgment, a reviewing court must ask whether genuine issues of material fact exist and whether the lower court erroneously applied the law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). In such cases, the appellate court must consider "the evidence in the light most favorable to the party against whom judgment was granted." *Fabio v. Bellomo,* 504 N.W.2d 758, 761 (Minn.1993).

### I.

"[T]he interpretation of insurance contract language is a question of law as applied to the facts presented." *Meister v. Western Nat'l Mut. Ins. Co.,* 479 N.W.2d 372,

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. Art. VI, § 10.

376 (Minn.1992). Further, whether ambiguity exists in an insurance policy is a question of law and is, therefore, reviewed de novo. *American Commerce Ins. Brokers, Inc. v. Minnesota Mut. Fire & Cas. Co.*, 551 N.W.2d 224, 227 (Minn.1996).

■ The language of an insurance policy is ambiguous only if it can reasonably be given more than one meaning, and the court shall " 'fastidiously guard against the invitation to "create ambiguities" where none exist.' " *Id.* (quoting *Columbia Heights Motors v. Allstate Ins. Co.*, 275 N.W.2d 32, 36 (Minn. 1979)). Any ambiguous language is construed in favor of the policyholder, but the court must give policy language its "usual and accepted meaning" if no ambiguity is found. *American Commerce*, 551 N.W.2d at 227–28.

Lhotka argues on appeal that the district court erred in holding as a matter of law that the driver in this case was not "uninsured." She asserts that the definition of "uninsured motor vehicle," which includes a hit-and-run vehicle whose driver has not been identified, should be interpreted as referencing drivers not identified at the time the claim is made without regard for whether the driver *could* have been identified at the time of the accident. Because her policy does not indicate the time at which the lack of identification warrants policy coverage, she argues, the policy is ambiguous and must be interpreted in her favor.

Lhotka additionally argues that because she experienced only minor physical symptoms and had no apparent bodily injuries at the scene, it was reasonable for her to determine that no accident occurred which necessitated insurance involvement or exchanging information with the driver. She maintains that the court should look at the reasonableness of her actions at the time. She also insists the law places the obligation to provide information on the unknown driver. Minnesota law states:

> The driver of any vehicle involved in an accident resulting in bodily injury to or death of any person * * * shall stop and give the driver's name, address, date of birth and the registration number of the vehicle being driven, and shall, upon request and if available, exhibit the driver's license or permit to drive to the person struck * * *.

Minn.Stat. § 169.09, subd. 3(a) (1996). Lhotka argues the unknown driver violated this statute, and Lhotka should not be penalized for the driver's violation.

Farmers asserts in response that, in addition to showing the driver fled the scene, appellant must show there was an accident causing damages. *See Halseth v. State Farm Mut. Auto. Ins. Co.*, 268 N.W.2d 730, 733 (Minn.1978) (defining hit-and-run as "an accident causing damages where the driver flees the scene"). Farmers notes that according to Minnesota law, "The driver of any vehicle involved in an accident resulting in *immediately demonstrable bodily injury* to or death of any person shall immediately stop * * *." Minn.Stat. § 169.09, subd. 1 (1996) (emphasis added). Farmers asserts that, because Lhotka did not suffer "immediately demonstrable bodily injury" from the driver's perspective, no "accident causing damages" occurred.

Lhotka's insurance policy with Farmers covers accidents caused by an uninsured motor vehicle. Under the terms of the policy, an uninsured motor vehicle includes: "A hit-and-run vehicle whose operator or owner has not been identified and which causes bodily injury to you or any family member." "Uninsured motorist coverage" is defined by statute as "coverage * * * for bodily injury from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles." Minn.Stat. § 65B.43, subd. 18 (1996).

Neither the policy, nor Minnesota statutes, defines "hit-and-run." Courts should, however, apply the ordinary meaning of terms not defined in an insurance policy, "as well as the interpretations adopted in prior cases." *Boedigheimer v. Taylor*, 287 Minn. 323, 327, 178 N.W.2d 610, 613 (1970). The supreme court has succinctly defined hit-and-run as "a vehicle involved in an accident causing damages where *the driver flees from the scene*." *Halseth*, 268 N.W.2d at 733 (emphasis added).

■ Applying the ordinary meaning of hit-and-run and the interpretation adopted in *Halseth*, the driver here did not commit a

hit-and-run. The unidentified driver stopped after striking Lhotka, got out of her vehicle, and questioned Lhotka about her condition. Lhotka told the driver that her elbow and head hurt, "but I think I'm okay." The driver made no attempt to leave until after Lhotka assured her she was okay. There is no evidence that anyone attempted to detain the driver when she did leave. There is no indication that Lhotka or the driver even thought to exchange information; neither is there evidence that this information would not have been provided if either had thought to request it.

Lhotka acknowledges that she suffered no immediately apparent injuries and that the driver was aware of none when she drove away. We cannot say that a driver commits a "hit-and-run" when the driver stops after the accident, speaks directly to the other party and inquires about injury, makes no attempt to conceal her identity (the facts show that neither party thought of nor attempted to exchange information), and the driver leaves only after the party who was struck assures the driver she is okay. The district court properly held as a matter of law that the driver did not commit a hit-and-run, and that, therefore, Lhotka was ineligible for uninsured motorist benefits from Farmers.

## II.

Lhotka argues material facts are at issue in this case; thus, summary judgment was inappropriate. First, Lhotka argues that there is a factual dispute over whether Lhotka was injured. Lhotka explains that in one instance Farmers alleges Lhotka did not suffer bodily injury, while in another instance Farmers contends that Lhotka had a duty under her policy's notice requirement to attempt to get information from the driver because Lhotka suffered bodily injury. Second, Lhotka argues that whether or not the unidentified driver committed a hit-and-run

within the meaning of the policy is a question of fact.[1]

Farmers is not denying that Lhotka was injured. Rather, Farmers argues only that Lhotka's injuries were not demonstratively apparent at the time of the incident, and that, therefore, the driver was not required by law to provide identification. Farmers' argument regarding Lhotka's duty under the policy's notice requirement was raised only as an alternative argument, applicable only if the court determined apparent injury did exist at the time of the incident. This is not a material issue of fact as Lhotka concedes her injuries were unapparent at the time of the accident.

Whether the accident here falls within the meaning of hit-and-run under Lhotka's policy is not a question of fact. The interpretation of insurance policy language is a question of law, and whether such language is ambiguous is also a question of law. *American Commerce*, 551 N.W.2d at 227; *Meister*, 479 N.W.2d at 376. The facts regarding the driver's actions following the accident are not in dispute. Thus, the district court correctly determined that no material facts are at issue in this case, and summary judgment was appropriate.

## DECISION

We affirm the district court's order awarding summary judgment in Farmers' favor. The driver's actions here did not constitute hit-and-run as a matter of law. She stopped, questioned Lhotka about her condition, and did not leave until Lhotka assured her she was okay.

Finally, no material issues of fact exist here. Both parties concede that although appellant was injured, her injuries were not immediately apparent. Additionally, whether a hit-and-run occurred here is not a question of fact because there is no dispute about the actions taken by Lhotka or the driver

---

1. Lhotka cites a district court case in which the driver of a vehicle that rear-ended another vehicle got out of his car, told the other driver there was no damage, then got back in his car and drove away without identifying himself. *See Fisher v. National Family Ins. Corp.*, (Stearns County Dist. Court File No. C8–91–3597).

There, the district court refused to grant summary judgment, after determining that whether the driver fled from the scene was "a genuine issue of material fact." *Id.*

*Fisher* is not before this court, and is distinguishable on its facts.

after the accident. The interpretation of insurance policy language is a question of law. *Meister*, 479 N.W.2d at 376. Therefore, summary judgment was appropriate.

**Affirmed.**