**David S. KASID, Appellant,**

v.

**COUNTRY MUTUAL INSURANCE COMPANY, Respondent,**

**Jane Doe, Defendant.**

**No. A09–591.**

Court of Appeals of Minnesota.

Dec. 22, 2009.

Michael P. Helgesen, Paige J. Donnelly, Paige J. Donnelly, Ltd., St. Paul, MN, for appellant.

William L. Davidson, Jack D. Moore, Lind, Jensen, Sullivan & Peterson, P.A., Minneapolis, MN, for respondent.

Considered and decided by WORKE, Presiding Judge; SHUMAKER, Judge; and CONNOLLY, Judge.

## OPINION

WORKE, Judge.

On appeal from summary judgment, appellant argues that, as a passenger in a vehicle that was rear-ended, he did not have a duty to obtain information from the other vehicle's driver and he should be entitled to recover uninsured-motorist benefits under the hit-and-run provisions of an insurance policy issued by respondent insurer. Because the district court did not err in concluding that appellant failed to show the operation of a hit-and-run vehicle, summary judgment was appropriately granted, and we affirm.

## FACTS

The facts are not disputed. On or about December 23, 2006, appellant David S. Kasid was a passenger in a vehicle driven by Timothy C. Arlt and owned by Joyce I. Mancino,[1] another passenger in the vehicle. Mancino's vehicle was hit from behind, and the three occupants got out of the vehicle to inspect the damage. The vehicle suffered minor damage, and none

---

1. Currently, Mancino is known as Joyce I. Arlt, but for purposes of this opinion she will be referred to as "Mancino" because she was known as Mancino at the time of the accident and in order to avoid confusion with another involved party, Timothy C. Arlt.

of the occupants reported any injuries at the time.

Jane Doe, the driver of the other vehicle, also got out of her vehicle. Mancino spoke with Doe and, although Mancino did not obtain her name, she wrote Doe's telephone number and license plate number on the back of a sales receipt that she had in her purse. Appellant was present and able to overhear the exchange between Mancino and Doe. Appellant was also able to observe Doe's license plate number. The parties left the scene after examining the vehicles for damage.

Appellant claims that he suffered physical and mental pain and discomfort following the accident. Approximately six months after the accident, appellant asked Arlt for Doe's information. Mancino had kept the receipt in her purse for some period of time, but when appellant requested the information six months after the accident, Mancino no longer had the receipt with Doe's information.

Appellant filed a claim with Mancino's insurance company, respondent Country Mutual Insurance Company, for uninsured-motorist (UM) benefits, which respondent refused to pay. In November 2008, appellant filed a complaint against respondent for its refusal to pay his claim. Respondent moved for summary judgment. Following a hearing, the district court found that appellant is an "insured" under Mancino's policy for purposes of UM coverage. The court also found that UM coverage is available to an insured when an "uninsured motor vehicle" causes bodily injury. The policy defined "uninsured motor vehicle" as an uninsured vehicle or a hit-and-run vehicle whose operator or owner cannot be identified. Appellant had no evidence that Doe was operating an uninsured vehicle. And the district court concluded that, for purposes of UM coverage, a hit-and-run vehicle involves an acci-

dent where the driver flees the scene; because Doe stopped and provided her information, she was not operating a hit-and-run vehicle. The district court granted respondent's motion for summary judgment, and this appeal follows.

## ISSUE

Did the district court err in granting summary judgment in favor of respondent insurer after concluding that because Doe stopped and provided her information she was not operating a hit-and-run vehicle, and, as a result, appellant was not entitled to recover UM benefits?

## ANALYSIS

On appeal from summary judgment, we ask whether genuine issues of material fact exist and whether the district court erroneously applied the law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn. 1990). We consider "the evidence in the light most favorable to the party against whom judgment was granted." *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn.1993).

In concluding that appellant was not entitled to recover UM benefits, the district court looked to the language in the insurance policy. "[T]he interpretation of insurance contract language is a question of law as applied to the facts presented." *Meister v. W. Nat'l Mut. Ins. Co.*, 479 N.W.2d 372, 376 (Minn.1992). Whether ambiguity exists in an insurance policy is a question of law that is reviewed de novo. *Am. Commerce Ins. Brokers, Inc. v. Minn. Mut. Fire & Cas. Co.*, 551 N.W.2d 224, 227 (Minn.1996). The language of an insurance policy is ambiguous only if it can reasonably be given more than one meaning, and this court will avoid creating ambiguities where none exist. *Id.*

There is no dispute that appellant was an insured under the policy for purposes of

UM coverage. The policy provides that respondent will "pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle." Thus, appellant as an insured may obtain UM benefits for damages if he is legally entitled to recover them. The policy defines an "uninsured motor vehicle" to mean a motor vehicle (1) "to which a bodily injury liability bond or policy does not apply at the time of the accident," (2) a "hit-and-run vehicle whose operator cannot be identified and which hits or causes an accident," or (3) when the bonding or insuring company is insolvent or denies coverage. The third definition is not at issue in this matter. Therefore, appellant is entitled to recover UM benefits if (a) Doe did not have insurance at the time of the accident or (b) Doe was operating a hit-and-run vehicle and could not be identified following the accident. The district court concluded that appellant could not satisfy either definition of an uninsured motor vehicle.

### Was Doe Operating an Uninsured Vehicle?

At the summary-judgment hearing appellant did not present any evidence showing that Doe was operating an uninsured vehicle. And in response to respondent's request for admissions, appellant admitted that he had no evidence that Doe was not insured. Therefore, appellant is not entitled to UM benefits unless he can show that he was involved in a hit-and-run accident.

### Did the Accident Involve a Hit–and–Run Vehicle?

The policy defines an uninsured motor vehicle to include a "hit-and-run vehicle whose operator or owner cannot be identified and which hits or causes an accident." The policy does not define "hit-and-run vehicle." But the supreme court has defined "hit-and-run" for purposes of

UM benefits as a "vehicle involved in an accident causing damages where the driver flees from the scene, regardless of whether . . . physical contact between that vehicle and the insured's automobile occurs." *Halseth v. State Farm Mut. Auto. Ins. Co.*, 268 N.W.2d 730, 733 (Minn.1978). Thus, Doe was operating a hit-and-run vehicle if she (1) was in an accident causing damages and (2) she fled the scene.

### Accident Causing Damages

In reviewing a summary-judgment order, we view "the evidence in the light most favorable to the party against whom judgment was granted." *Fabio*, 504 N.W.2d at 761. Under this standard, we presume that appellant was injured as a result of the accident.

### Fleeing the Scene

#### Minn.Stat. § 169.09, subd. 3 (2008)

Appellant claims that Doe and Mancino violated the statute requiring the exchange of identifying information following an automobile accident, and that violation supports the conclusion that Doe operated a hit-and-run vehicle. Under Minn.Stat. § 169.09, subd. 3(a) (2008):

The driver of any motor vehicle involved in an accident resulting in bodily injury to or death of any individual, or damage to any vehicle driven or attended by any individual, shall stop and give the driver's name, address, and date of birth and the registration plate number of the vehicle being driven. The driver shall, upon request and if available, exhibit the driver's license or permit to drive to the individual struck or the driver or occupant of or individual attending any vehicle collided with.

Appellant does not argue that Doe failed to stop after the accident. Nor does appellant argue that Doe failed to provide Mancino with her identifying information.

Doe therefore complied with the statute when she stopped after the accident and gave her information to Mancino.

Appellant's argument instead seems to extend the duty under the statute to Mancino, the owner of the vehicle hit by Doe. Appellant contends that the statute imposes a duty on the owner of a vehicle struck by another vehicle to obtain and indefinitely retain identifying information of the other driver in the instance that a passenger suffers latent injuries. This interpretation fails for several reasons. First, a review of the statute indicates a statutory duty imposed on drivers to *provide their* information, not to obtain or preserve the other driver's information. Second, the duty contained within the statute pertains only to drivers, not to occupants of the collided-with vehicle such as Mancino. That Mancino was both an occupant and the owner of the vehicle is of no consequence under the statute. Finally, although the statute does not impose a duty on an occupant of the collided-with vehicle, the statute does require drivers to provide additional information if requested by the "individual struck or the driver or *occupant of or individual attending any vehicle* collided with." Minn.Stat. § 169.09, subd. 3(a) (emphasis added). Appellant had an opportunity to obtain Doe's information from her at the scene of the accident, as Mancino did, but he failed to do so.

Appellant reads a duty into the statute that does not exist, and we decline to create one. Neither Doe nor Mancino violated the statute, and thus appellant fails to show that anyone fled the scene of the accident as required to constitute a hit-and-run accident under Minnesota law.

### Insurance Policy

Appellant also argues that Mancino had a duty under the policy to report the accident to respondent, and because she failed to do so respondent did not have the information regarding the accident when appellant filed a claim for benefits.

Under the UM section of the policy, an insured must notify the police within 24 hours of a hit-and-run accident and must submit a statement of the facts to the insurer within 30 days. The policy imposes the duty on the insured to report only a hit-and-run accident. Based on the fact that Doe stopped and provided her information, this was not a hit-and-run accident; thus, Mancino did not have a duty to report the accident to the police or to respondent. Further, if a statement of the facts was required, the duty extends to an "insured," and appellant was an insured under the policy as it relates to UM benefits. Therefore, Mancino did not have a duty to report a statement to respondent and even if she did have a duty, that duty extended to appellant as an insured.

### Caselaw

Appellant, although conceding that the vehicle operated by Doe was not a hit-and-run vehicle as defined in *Halseth*, namely a vehicle causing damages where the driver flees, suggests that there is a distinction between *Halseth* and the present matter. Appellant argues that because there is a distinction between the two cases, the definition in *Halseth* should not apply to his case. In *Halseth*, a driver was forced off of the road because of the negligence of one or two unknown drivers. 268 N.W.2d at 731. The supreme court held that an insurance policy provision requiring physical contact as a precondition of hit-and-run coverage was too restrictive and defined hit-and-run for purposes of UM coverage to mean an accident causing damages where the driver flees. *Id.* at 733.

Appellant claims that the court in *Halseth* found that an accident victim, the driver, who has an opportunity to retrieve identifying information was not entitled to

bring a UM claim. And the distinction between *Halseth* and the present matter is that Mancino did obtain the necessary information from the other driver and appellant knew she had done so. First, it seems that appellant may have misread *Halseth* because that case addressed the validity of a restrictive insurance provision and defined hit-and-run for purposes of UM coverage. *Id. Halseth* did not address an accident victim's opportunity to obtain identifying information from an at-fault driver. Second, appellant claims that Mancino and Arlt were the only people who had a legal duty to obtain Doe's information, and he relied on Mancino obtaining Doe's information. But in this situation, appellant is considered an insured under the policy; thus, appellant had the same responsibility as Mancino to obtain information and to report an accident to respondent.

Another case that appellant distinguishes his case from is *Lhotka v. Ill. Farmers Ins. Co.*, 572 N.W.2d 772 (Minn. App.1998), *review denied* (Minn. Mar. 19, 1998). *Lhotka* involved a woman who was struck and knocked down by an automobile while walking across a parking lot. 572 N.W.2d at 773. The driver stopped, got out of her car and asked the pedestrian if she was okay. *Id.* Lhotka responded that she was okay and did not request any information from the driver. *Id.* After the driver was satisfied that Lhotka was okay, she left. *Id.* Soon after, Lhotka experienced an injury as a result of the accident and brought suit against her insurance carrier after it denied her request for UM benefits. *Id.* This court applied the hit-and-run definition from *Halseth* and determined that the matter did not involve a hit-and-run vehicle. *Id.* at 774–75. We stated that a driver does not commit a hit and run when the "driver stops after the accident, speaks directly to the other party and inquires about injury, makes no at-

tempt to conceal her identity ... and ... leaves only after the party who was struck assures the driver she is okay." *Id.* at 775.

Appellant suggests that *Lhotka* is distinguishable because he did not speak directly to Doe because Mancino spoke with Doe and he was not required to do so by statute. Appellant is relying on Mancino's actions, but we have already determined that Mancino did not owe a duty to appellant. First, under Minn.Stat. § 169.09, subd. 3, appellant could have requested information from Doe. Second, appellant was an insured under the policy as it related to UM coverage and should be held to the same standard as Mancino. Appellant was outside of the vehicle, he overheard Mancino's conversation with Doe, and he was able to observe Doe's license plate number. Thus, if he was concerned that he may have suffered an injury that did not immediately surface, he should have asked Doe for her information or he should have immediately copied Doe's information from Mancino; rather than asking for the information nearly six months after the accident.

Appellant argues that the better case to follow is from Massachusetts. In *Pilgrim Ins. Co. v. Molard*, the Appeals Court of Massachusetts held that an insured could seek UM benefits for injuries sustained in an automobile accident that occurred while she was a passenger in a taxicab. 73 Mass.App.Ct. 326, 897 N.E.2d 1231 (2008). The taxicab in which Molard was a passenger rear-ended another vehicle. *Id.* at 1233. Molard remained in the taxicab while the driver spoke with the driver of the other vehicle. *Id.* at 1234. She did not obtain the taxicab driver's name, a license plate number, or the cab's medallion number. *Id.* The next day, Molard went to the hospital and was diagnosed with whiplash-related injuries. *Id.* Mo-

lard, however, waited eight months before making an effort to discover the taxicab driver. *Id.* She then sent a claim for UM benefits. *Id.* Pilgrim Insurance Company moved for summary judgment, which was granted. *Id.* at 1236. The appeals court reversed, holding that "a passenger in an at-fault vehicle who is injured in an accident and who, unaware of her injuries or incapacitated by them, leaves the vehicle without obtaining identifying information about the vehicle is entitled to recover under the hit-and-run provisions of [an insurance] policy." *Id.* at 1239.

Although the facts of *Molard* and the present matter are similar, the *Molard* court noted that its approach was "expansive" and not the "universal" approach. *Id.* at 1238. In fact, the *Molard* court mentioned *Lhotka* in comparing its "expansive" approach to the "universal" approach. *Id.* n. 9. Therefore, while in Massachusetts, a passenger is entitled to recover under the hit-and-run provisions of a policy even when the passenger fails to obtain identifying information; in Minnesota, an individual is not entitled to UM benefits under a hit-and-run provision when the driver stops but no information is exchanged. *See id.* at 1239; *Lhotka*, 572 N.W.2d at 775.

Based on this precedent, appellant failed to show that he was involved in a hit-and-run accident because Doe did not flee the scene after the accident. Doe got out of her vehicle after she rear-ended the vehicle in which appellant was a passenger. She did not attempt to conceal her identity. She gave Mancino her telephone number and license plate number. Appellant got out of the vehicle after the accident and heard Doe give Mancino her information and he was able to observe her license plate number. Mancino, the owner of the vehicle, retained Doe's information for some period of time, but did not have it six months after the accident when appellant asked for it. Mancino did not owe appellant a duty to retain the information; this duty is not imposed by statute or by the insurance policy. Indeed, appellant is considered an insured under the policy for UM coverage and should be held to the same standard as Mancino in obtaining information and reporting the accident to respondent as the policy requires. We hold that when an individual is not denied an opportunity to obtain information following an accident, but fails to obtain such information, that accident is not a hit-and-run accident for purposes of UM benefits.

## DECISION

The district court did not err in granting summary judgment in favor of respondent after concluding that Doe was not operating a hit-and-run vehicle when she stopped and provided her identifying information.

**Affirmed.**